# CHARLESTON

## STATE v. DETWILER.

Submitted June 9, 1906.    Decided November 20, 1906.

1. CRIMINAL LAW—*Trial—Absence of Accused*
   If evidence is taken on a felony trial in the absence of the accused, though it does not appear what the evidence was, a new trial must be granted. (p. 583.)

2. RAPE—*Evidence—Reputation.*
   In a prosecution for rape evidence may be given to prove the general reputation as to unchastity of the prosecutrix, or that she was a common prostitute, to show her consent to the act, but not to establish her incredibility as a witness. (p. 585.).

3. CRIMINAL LAW—*Instructions.*
   The mere failure of an instruction to say that the evidence must prove guilt "beyond a reasonable doubt" will not reverse. (p. 586.)

Error to Circuit Court, Wetzel County.

Fred Detwiler and others were convicted of crime, and Detwiler brings error.

*Reversed.*

W.. G. SNODGRASS, for plaintiff in error.

C. W. MAY, Attorney General, for the State.

BRANNON, JUDGE:

Fred Detwiler was convicted upon an indictment in Wetzel county charging him and Livy L. Barrick, Charles Pharet and Charles Foyles with rape upon the person of Martha Harbert. The demurrer and some other questions raised in the case are disposed of in *State* v. *Barrick*, decided this term.

The defendant moved a new trial because he was absent from the court room while a witness of his was being examined. It is questioned by the State whether it is proven that the witness answered a question when the accused was absent. It is useless to detail or discuss the evidence on this matter. An affidavit of M. V. Over distinctly states that the witness was asked and answered at least one question while the accused was gone. We so find the fact, as that affidavit is not overborne. What that question and answer were does

not appear; but that is immaterial.    Under principles found in the opinion written by JUDGE POFFENBARGER in *State* v. *Sheppard*, 49 W. Va. 582, we are compelled to grant a new trial for this case.

State's instruction 6 is contested.    We need not consider it, as no objection was made to it.    *State* v. *Briggs*, 58 W. Va. 291.    But it is not open to the objection made by counsel for failure to insert the element of reasonable doubt in the consideration of the evidence by the jury.    This ought not to be omitted; but it is not ground for reversal.    Point 12, *State* v. *Robinson*, 20 W. Va. 714.    And other instructions presented this matter to the jury.    Though not objected to, we are asked to say that State's instruction 8 is bad in not telling the jury they must believe "from the evidence."    For myself I would hesitate to condemn it.    It is commented upon in *State* v. *Sheppard*.    But it can be corrected on a future trial.    The accused was refused his instruction 1.    We see no objection to it, but hardly think its refusal error, because its statement of law under the facts is covered by No. 8.    These instructions involve no law necessary to be discussed here.    They bear on well known law.

Instruction 2 for defence refused.    There was evidence that, in a quarrel between Barrick and Detwiler, Detwiler told Barrick that if it had not been for Barrick, he, Detwiler would not have been in the blacksmith shop where the offence was alleged to have occurred, to which Barrick replied "Oh! you know we are all guilty."    The instruction told the jury that Barrick's statement that all were guilty "could not be considered" as showing Detwiler's guilt, unless he at the time admitted guilt.    It took from the jury the power to weigh this evidence, to say what its weight was as Detwiler made no reply to what Barrick said.    The instruction is not good.

Instruction 7 asked by defendant says that if the prosecutrix did voluntarily, and with the same intent that actuated the defendant, or directly or indirectly consented to commit the act of sexual intercourse with the defendant, then such sexual intercourse would not be rape.    This instruction is bad. What the meaning of the words "or directly or indirectly." Do they refer to the question whether the prosecutrix was intoxicated?    The instruction is vague.    Besides, I

think the real body of it covered by defendant's instruction No. 8. Defendant's instruction 11 refused, asserts the proposition that evidence as to the chastity of the prosecutrix would go to affect both her credibility as a witness and as affecting the question of the probability of the intercourse being voluntary or against her will. The law is clear that evidence may be given by the accused to show the unchastity of the prosecutrix before the alleged rape, or that she was a common prostitute because it tends to repel the charge that the act was against her will, and proper for the consideration of the jury on the question whether the act was one of violence, or with her consent. But does it go further? Can it be used to impeach the credibility of the prosecutrix as a witness? We do not think it can. Mr. Bishop, in 2 Bishop Cr. Proceed., section 965, after saying that evidence of unchastity may be received, says: "This evidence is sometimes regarded as properly impairing her credibility, a doubtful proposition, and in some cases denied." We find the books and cases generally stating that such evidence is received to show the probability of the woman's consent, and the statement does not include credibility, does not say that it is admitted to show incredibility of the woman as a witness. 1 Wigmore Ev., section 62. 4 Elliott on Ev., section 3101, says it is received "as bearing upon the question of consent." 23 Am. & Eng. Ency. L., (2 ed.), 870, says it is received "as bearing on the probability of her consent." See 1 Greenl. Ev., (16 ed.) section 146, (2); 80 Am. Dec. 368; *Rice* v. *State*, 48 Am. St. R. 245; *State* v. *Reed*, 94 Am. D. 337. *Cone* v. *Kendall*, 18 Am. R. 469 limits it to show consent. Now, when, in the general run of trials, you go to impeach the credibility; you must limit evidence to general reputation for truth and veracity, and you can not prove particular acts of crime. In some states you can prove particular offences or general reputation as to particular offences; but our law says that the evidence must be restricted to general reputation for truth and veracity. *Uhls Case*, 6 Grat. 706. As stated in *Clay* v. *Robinson*, 7 W. Va., p. 365, that is our rule. Why should proof of general unchastity in a case of rape be admitted to impeach veracity of a witness any more than proof that a witness is a common thief or of bad general character in another case?

As Judge Lomax said in *Howell's Case*, 5 Grat. 664, it does not follow because a female is unchaste she may not tell the truth. So, instruction 7 is bad as applying evidence of unchastity to prove both want of consent and incredibility of the witness.

We see no objection to instruction 18 telling the jury that no instruction or remark of the court was to be taken as intimating an opinion on the evidence of facts. It is not suggested that the court intimated such opinion. Still the instruction properly states the law, and as the party asked it, and is entitled to an instruction in his own language, we see no objection to it. It is correct in telling the jury that they were judges of the evidence and all instructions must be taken together, and unless, applying them as the law, to all the facts, they were convinced beyond reasonable doubt of guilt, they must acquit. We think this feature is likely covered by instructions 16 and 20 and perhaps others. Judgment reversed and a new trial granted.

*Reversed.*