## McLENDON *v.* THE STATE.

DUCKWORTH, Chief Justice. After a verdict of guilty of murder without recommendation had been affirmed by this court (*McLendon* v. *State,* 205 *Ga.* 55, 52 S. E. 2d, 294) and, on the hearing of an application for habeas corpus, judgment was entered holding that the sentence to death was void, in that it failed to conform to the provisions of the statute, and the defendant was remanded to the court where he was convicted with direction that he be sentenced in conformity with the law, and this judgment was affirmed by this court in *McLendon* v. *Balkcom,* 207 *Ga.* 100 (60 S. E. 2d, 753), the trial court, after notice to the defendant, imposed sentence in accord with the verdict and in conformity with the statute, over the written objections of the defendant, and the exception here is to this judgment. *Held:*

The valid verdict of guilty required sentence and judgment in conformity therewith, and the entry of a void sentence in nowise constituted a legal obstacle to the imposition of a valid sentence. *Heard* v. *Gill,* 204 *Ga.* 261 (49 S. E. 2d, 656).

*Judgment affirmed. All the Justices concur.*

No. 17255. OCTOBER 10, 1950. REHEARING DENIED OCTOBER 19, 1950.

*A. L. Henson, Samuel E. Tyson,* and *Randall Evans Jr.,* for plaintiff in error.

*Eugene Cook, Attorney-General, George Hains, Solicitor-General,* and *J. R. Parham, Assistant Attorney-General,* contra.