## HOWELL v. UNITED STATES.
### No. 6451.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 6, 1952.

Decided Oct. 8, 1952.

Arthur Russell Howell, pro se.

A. Garnett Thompson, U. S. Atty., Charleston, W. Va., for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying a motion made under 28 U.S.C.A. § 2255 to vacate a sentence of imprisonment. On June 13, 1940, appellant was sentenced to a term of 10 years imprisonment for forgery of a narcotics prescription. On December 5, 1940 he was convicted of bank robbery and given a sentence of 20 years imprisonment to begin at the expiration of the first sentence. He served the first sentence and had entered upon the service of the second, when that sentence was held void in a habeas corpus proceeding in the District Court of Kansas and appellant was returned to the court below for resentencing. On July 24, 1948 the judge of that court sentenced appellant to a term of 20 years less the period that he had spent in prison under the void sentence, and this court affirmed. Howell v. United States, 4 Cir., 172 F.2d 213. The motion made under 28 U.S.C.A. § 2255 attacks the sentence last imposed on the ground (1) that it was to begin at a date prior to sentencing, (2) that the sentence was ambiguous and indefinite, and (3) that the sentence increased the sentence over that imposed by the void sentence in as much as he would be deprived of an earlier parole eligibility date to which he would have been entitled under cumulative sentences of 10 and 20 years as originally imposed. These contentions are adequately answered in the opinion of the District Judge and nothing need be added thereto. On the third contention, however, we point out in addition that after petitioner has elected to treat the original 20 year sentence as void and has secured a judgment to that effect, he cannot claim any benefit as of right because of that sentence. If it is void, it amounts to nothing. Any time that he has served because of the sentence should be taken into account by the District Judge in imposing a new sentence; but that was done in this case. See Murphy v. Massachusetts 177 U.S. 155, 159, 20 S.Ct. 639, 44 L.Ed. 711; King v. United States, 69 App.D.C. 10, 98 F.2d 291, 295.

Affirmed.