Donald Robert MATHES, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 15786.

United States Court of Appeals
Ninth Circuit.

April 28, 1958.

Ronald Robert Mathes, in pro. per.

Laughlin E. Waters, U. S. Atty., Lloyd F. Dunn, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before FEE and CHAMBERS, Circuit Judges, and CHASE A. CLARK, District Judge.

CHASE A. CLARK, District Judge.

This is an appeal by Donald Robert Mathes from the Order of the Trial Court denying Motion to Vacate or Set Aside Sentence under 28 U.S.C.A. § 2255.

Appellant was indicted in November, 1956, with others, in a five count indictment alleging violations of Title 21, U.S. C.A. § 174, charging "Sales of heroin and conspiracy to sell heroin". Appellant was named in substantive counts one and four, and in the conspiracy count five. He was later arraigned and entered a plea of not guilty. On February 12, 1957, the date set for trial, appellant asked permission from the court to withdraw his previous plea. Appellant claims that government counsel stipulated and agreed not to prosecute count four if a guilty plea were made on counts one and five. The previous not guilty plea was withdrawn at that time and Appellant entered a plea of guilty to counts one and five. The matter was referred to the Probation Officer for pre-sentence investigation, and continued to March 4, 1957 at 11:00 A.M. for sentence on counts one and five, and disposition of count four.

On that date, in Appellant's presence, but in the absence of both his counsel and the United States attorney, the Court sentenced the Appellant to two years on count one, and two years on count five. Thereupon, the sentence was suspended, and he was released by Court Order, under probation.

Immediately thereafter the Assistant United States Attorney, Mr. Abbott, appeared in the courtroom and was advised by the Clerk of the Judgment of the Court. Mr. Abbott, in the absence of appellant or his attorney, called the Court's attention to the fact that the statute carried a mandatory five year

minimum. Upon being so advised the Court vacated the sentence, and ordered the matter continued until 2:00 P.M. (Apparently the appellant at that time was in the process of being released, and had been returned to the County jail.)

On the Appellant's return into Court at 2:00 P.M., he was advised by the Court that it was mandatory under the law that his sentence be a minimum of five years. It also appears in the record, Vol. II of the transcript, page 10, that the Honorable District Judge said, "This defendant more or less had an understanding that I was going to give him probation", although it is not shown when that understanding was had.

An opportunity was then given the Appellant to withdraw his guilty plea, previously entered, and enter a plea of not guilty. The United States Attorney advised the Court that he had no objection, and then said "Under the two Counts to which he has pleaded guilty, he faces five or ten years on each or a total possible penalty of forty years. I certainly think that in imposing sentence, reasonable consideration should be given to the fact he did enter a plea of guilty and did testify truthfully so far as I know." (Transcript, Vol. II, p. 11.)

Counsel for Appellant then stated that he had discussed with his client the advisability of changing his plea, and standing trial, and that he would let his plea of guilty stand.

The Trial Court pointed out to the United States Attorney that he would never have been able to convict the other defendants without the testimony of the Appellant. The Appellant was then sentenced to five years in the penitentiary on each count, the two sentences to run concurrently.

The United States Attorney then moved to dismiss count four, saying "That was the understanding at the time the plea was entered, and that understanding will be honored." No appeal was taken from the Judgment of conviction or sentence. On September 19, 1957, Appellant filed his motion to vacate or set aside the sentence on the grounds that the trial court was without jurisdiction and exceeded its authority in correcting the first sentence. This appeal is from the denial of that motion.

Appellant here claims that he "had been induced to testify at the trial of the co-defendants, and therefore had not been able to stand on his rights under the Fifth Amendment to the Constitution, therefore giving testimony that would incriminate himself". There is nothing in the record to substantiate this. This contention, made by the Appellant in his briefs on appeal, was never presented to the Trial Court. Had the Appellant changed his plea, faced with the testimony that he had given at the trial of his co-defendants, his chances of acquittal were, undoubtedly, very slim. He had burned his bridges behind him.

■■■ This appeal, however, only raises the question: Did the Trial Court have jurisdiction to vacate an erroneous sentence and impose the sentence that was provided for under Title 21 U.S.C.A. § 174?

Section 174 provides that one convicted of the offense charged in the Indictment " * * * shall be imprisoned not less than five or more than twenty years". 26 U.S.C.A. § 7237(d), as amended July 18, 1956, provides that imposition or execution of sentence shall not be suspended and probation shall not be granted upon conviction under 21 U.S.C.A. § 174.

It is well settled that a sentence which does not comply with the letter of the criminal statute is not only erroneous but void. Where such an erroneous sentence is imposed by the trial court, it may be corrected in conformity with the provisions of the Statute, and the Appellant would not be placed in double jeopardy by so correcting it. United States v. Bozza, 3 Cir., 155 F.2d 592, at pages 595, 596, and cases cited therein, affirmed 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818.

The scope of this appeal being limited to only this one question, the trial court is affirmed.