137 S.E.2d 418 (1964)
STATE ex rel. Benjamin BONER
v.
Otto C. BOLES, Warden, West Virginia Penitentiary.
No. 12348.
Supreme Court of Appeals of West Virginia.
Submitted July 7, 1964.
Decided July 17, 1964.
*420 Patrick C. Graney, Jr., Fayetteville, for relator.
C. Donald Robertson, Atty. Gen., George H. Mitchell, Asst. Atty. Gen., Charleston, for respondent.
HAYMOND, President.
This is a habeas corpus proceeding within the original jurisdiction of this Court, instituted on June 22, 1964, by the petitioner, Benjamin Boner, in which he seeks a writ to require the defendant, Otto C. Boles, Warden of the West Virginia Penitentiary, to release him from his present confinement under sentence imposed by the Circuit Court of Fayette County, West Virginia, during its regular 1961 September Term of the court. Upon the petition this Court issued a writ returnable July 7, 1964, and appointed an attorney to represent the petitioner in this proceeding. On the day to which the writ was returnable this proceeding was submitted for decision upon the pleadings, consisting of the petition and its exhibits, the demurrer and the *421 answer of the defendant and its exhibits, and upon the written briefs and the oral arguments of the attorneys in behalf of the respective parties.
In May 1961 two indictments, charging the felony of incest, were returned against the petitioner by a grand jury in Fayette County and the petitioner was incarcerated in the jail of that county on May 9, 1961. When arraigned before the circuit court at its 1961 September Term the petitioner entered a plea of guilty to each of the two indictments and requested the court to grant him probation. On October 27, 1961, the petitioner was brought before the court, his application for probation was denied, and he was sentenced to confinement in the penitentiary of this State for an indeterminate period of not less than one year or more than five years with credit for the period of his confinement in jail awaiting trial. On November 14, 1961, the petitioner was committed to the penitentiary under the sentence imposed on October 27, 1961, and at that time he began to serve such sentence.
Soon after his commitment to the penitentiary it was discovered that the sentence imposed upon the petitioner was improper in that it should have been for an indeterminate period of not less than five years or more than ten years, the penalty for the crime of incest prescribed by Section 12, Article 8, Chapter 61, Code, 1931. When the improper sentence was called to the attention of the circuit court and while the petitioner was confined in the penitentiary under the prior sentence the circuit court, during the same term at which the original sentence was imposed, by order entered November 24, 1961, which contained the recital that the previous sentence "was incorrect inasmuch as the defendant entered a plea of guilty to two charges of incest and should have been sentenced to an indeterminate period of not less than five years nor more than ten years", corrected the prior sentence and sentenced the petitioner to be confined in the penitentiary for an indeterminate period of not less than five years or more than ten years upon each indictment and provided that such sentences should run concurrently and that the defendant should be given credit for the period of his confinement in the Fayette County jail.
In support of his contention that he is entitled to the writ for which he prays, the petitioner asserts: (1) That the first sentence imposed by the circuit court of not less than one year or more than five years, though erroneous, is not void; (2) that as he had served a portion of the first sentence it may not be increased and that the increased sentence of not less than five years or more than ten years subsequently imposed by the court is void; and (3) that the subsequent sentence of not less than five years or more than ten years, having been imposed while the petitioner was not personally present, is for that reason void. According to the contention of the petitioner the sentence of not less than five years or more than ten years imposed upon him by the court under each indictment is void and for that reason it may be reached and its enforcement prevented by the writ which he seeks in this proceeding.
Though the decisions of the courts are conflicting as to whether a sentence for a particular offense which does not conform to that prescribed by the statute for such offense is voidable or void, and though such sentence has been held to be merely erroneous or voidable in some jurisdictions, the principle that such sentence is not merely erroneous or voidable but is void and may be reached in a habeas corpus proceeding is well settled by the decisions of this Court. Decisions to that effect are State ex rel. Nicholson v. Boles, W.Va., 134 S.W.2d 576; State ex rel. Mundy v. Boles, W.Va., 137 S.E.2d 240; State ex rel. Facemyer v. Boles, W.Va., 137 S.E.2d 237; State ex rel. Chafin v. Bailey, 106 W.Va. 32, 144 S.E. 574; Mount v. Quinlan, 104 W.Va. 118, 139 S.E. 474; Ex Parte Barr, 79 W.Va. 681, 91 S.E. *422 655; Ex Parte Page, 77 W.Va. 467, 87 S.E. 849.
Among the decisions of courts in other jurisdictions which consider a judgment rendered by a court in a criminal case which does not conform strictly to the statute which prescribes the punishment to be imposed and which varies from the provisions of the statute, either in the character or the extent of the punishment inflicted, to be void are Weems v. United States, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793, 19 Ann.Cas. 705; In re Bonner, 151 U.S. 242, 14 S.Ct. 323, 38 L.Ed. 149; In re Graham, 138 U.S. 461, 11 S.Ct. 363, 34 L.Ed. 1051; In re Mills, 135 U.S. 263, 10 S.Ct. 762, 34 L.Ed. 107; Mathes v. United States, 9th cir., 254 F.2d 938; DeBenque v. United States, 66 App.D.C. 36, 85 F.2d 202, 106 A.L.R. 839, certiorari denied, 298 U.S. 681, 56 S.Ct. 960, 80 L.Ed. 1402, rehearing denied, 299 U.S. 620, 57 S.Ct. 6, 81 L.Ed. 457; United States v. Bozza, 3d cir., 155 F.2d 592, affirmed in part and reversed in part on other grounds, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818; Anderson v. Rives, 66 App.D.C. 174, 85 F.2d 673; Egan v. United States, 52 App. D.C. 384, 287 F. 958; Harman v. United States, 8 cir., 50 F. 921; Howard v. State, 28 Ariz. 433, 237 P. 203, 40 A.L.R. 1275; Ex Parte Gibson, 31 Cal. 619, 91 Am.Dec. 546; Richardson v. Hand, 182 Kan. 326, 320 P.2d 837; Lee Lim v. Davis, 75 Utah 245, 284 P. 323, 76 A.L.R. 460; Crutchfield v. Commonwealth, 187 Va. 291, 46 S.E.2d 340; Jessup v. Commonwealth, 185 Va. 610, 39 S.E.2d 638. See also 15 Am.Jur., Criminal Law, Sections 443 and 459; 24 C.J.S. Criminal Law § 1589. Some of the decisions in jurisdictions which hold that a sentence for an offense which does not conform strictly to the statute which prescribes the punishment to be imposed is erroneous or voidable but not void are Simmons v. United States, 5th Cir., 89 F.2d 591, certiorari denied, 302 U.S. 700, 58 S.Ct. 19, 82 L.Ed. 540; People v. Conley, 27 Cal.App. 362, 150 P. 412; Hickman v. Fenton, 120 Neb. 66, 231 N.W. 510, 70 A.L.R. 819; Lyons v. Robinson, 293 N.Y. 191, 56 N.E.2d 546; State v. Ryan, 146 Wash. 114, 261 P. 775.
In the recent case of State ex rel. Nicholson v. Boles, W.Va., 134 S.E.2d 576, this Court held in point 3 of the syllabus that "The general rule supported by the weight of authority is that a judgment rendered by a court in a criminal case must conform strictly to the statute which prescribes the punishment to be imposed and that any variation from its provisions, either in the character or the extent of the punishment inflicted, renders the judgment absolutely void."
Applying the principle set forth in the foregoing syllabus to the first judgment imposed by the circuit court of not less than one year or more than five years which did not conform to the punishment prescribed by the statute and which varied from its provisions with respect to the extent of the punishment inflicted, it follows that such judgment was a void judgment and of no force and effect and was not merely voidable or erroneous.
When a sentence imposed in a criminal case is void because at variance with the requirements of the statute and a subsequent valid sentence which conforms to the statutory requirements is imposed such valid sentence may be in excess of and provide qreater punishment than that provided by the void sentence. Mathes v. United States, 9th cir., 254 F.2d 938; United States v. Bozza, 3d cir., 155 F.2d 592, affirmed in part and reversed in part on other grounds, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818; United States v. Howell, D.C. W.Va., 103 F.Supp. 714, affirmed Howell v. United States, 4th cir., 172 F.2d 213, 199 F.2d 366; King v. United States, 69 App. D.C. 10, 98 F.2d 291; Tilghman v. Culver, (Fla.), 99 So.2d 282, certiorari denied, 356 U.S. 953, 78 S.Ct. 918, 2 L.Ed.2d 845; Ex Parte Moore, 71 N.D. 274, 300 N.W. 37; Crutchfield v. Commonwealth, 187 Va. 291, 46 S.E.2d 340; Powell v. Commonwealth, *423 182 Va. 327, 28 S.E.2d 682; 24 C.J.S. Criminal Law § 1589b. As a void sentence is regarded in law as no sentence at all the court upon a valid sentence may impose any penalty provided by law. Howell v. United States, 4th cir., 199 F.2d 366; People v. Booth, 37 Cal.App. 650, 174 P. 685; Knothe v. State, 115 Neb. 119, 211 N.W. 619.
In United States v. Bozza, 3d cir., 155 F.2d 592, affirmed in part and reversed in part on other grounds, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818, the court said that it is well established that a sentence at variance with statutory requirements is void and that such sentence may be superseded by a new sentence in conformity with statutory provisions and that such correction may be made after sentence has been partially served or after the term of court has expired even though such new sentence entails a greater punishment.
The petitioner contends that inasmuch as he had begun to serve the original sentence imposed upon him the circuit court was without authority to increase the punishment or to impose any sentence in excess of that provided in the original sentence. In support of this contention the petitioner cites and relies upon the case of State ex rel. Roberts v. Tucker, 143 W.Va. 114, 100 S.E.2d 550, in which this Court held in point 2 of the syllabus that where imprisonment has begun in satisfaction of a valid sentence, the trial court is without jurisdiction, even during the same term of court, to set aside such valid sentence and impose an additional or increased sentence. The decision in the Roberts case is in accord with the general rule supported by the weight of authority that when the execution of a valid sentence has been commenced, the trial court can not impose a new or different sentence increasing the punishment even at the same term or session of the court at which the original sentence was pronounced; and that any attempt to do so is of no effect and that the original sentence remains in force. 15 Am.Jur., Criminal Law, Section 474; 5 Wharton's Criminal Law and Procedure, Anderson, Section 2191; 44 A.L.R. 1203, Annotation IIa and the many cases there cited. See also 168 A.L.R. 706, Annotation IIa. In State ex rel. Williams v. Riffe, 127 W.Va. 573, 34 S.E.2d 21, this Court in the opinion used this language: "There seems to be no doubt that under the weight of authority, a criminal, as well as a civil, court may, for certain purposes, set aside a judgment by an order entered during the same term at which the order set aside was spread upon the records of the court. That rule, however, in criminal cases where the judgment has been satisfied in whole or in part, is limited to those cases in which the trial court reduces the penalty imposed. Cases in which the penalty is increased are treated as subjecting the accused to double jeopardy and therefore the second sentence is void, leaving in effect the original sentence. United States v. Benz, 282 U.S. 304, 75 Law Ed. 354, 51 S.Ct. 113; Hickman v. Fenton, 120 Neb. 66, 231 N.W. 510, 70 A.L.R. 819; 15 Am.Jur. 128 et seq."
The Roberts case is clearly distinguishable from the case at bar for the reason that in that case the trial court originally imposed a valid sentence, which it could not subsequently add to or increase, whereas in the instant case the original sentence imposed was not a valid sentence but was illegal and void. A distinction is recognized by the courts, practically without exception, between cases in which the original sentence was valid and cases in which the original sentence was void. 168 A.L.R. 706, Annotation I. For this reason the holding in the Roberts case is inapplicable and does not control the decision in the case at bar.
When a sentence imposed in a criminal case is void, either because of lack of jurisdiction or because it was not warranted by statute for the particular offense, the court may set aside such void sentence and pronounce a valid sentence even though execution of the void sentence has commenced, and without regard to the time when, or the term within which, such void sentence was imposed. In re Bonner, 151 U.S. 242, 14 *424 S.Ct. 323,38 L.Ed. 149; Mathes v. United States, 9th cir., 254 F.2d 938; McNutt v. Schneckloth, 9th cir., 241 F.2d 128; United States v. Bozza, 3d cir., 155 F.2d 592, affirmed in part and reversed in part on other grounds, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818; King v. United States, 69 App.D.C. 10, 98 F.2d 291; Tilghman v. Culver, (Fla.), 99 So.2d 282, certiorari denied, 356 U.S. 953, 78 S.Ct. 918, 2 L.Ed.2d 845; McLendon v. State, 207 Ga. 328, 61 S.E.2d 502; State v. Shilinsky, 248 Iowa 596, 81 N.W.2d 444; Richardson v. Hand, 182 Kan. 326, 320 P.2d 837; Ex Parte Moore, 71 N.D. 274, 300 N. W. 37; State ex rel. Gladden v. Kelly, 213 Or. 197, 324 P.2d 486; State v. Lee Lim, 79 Utah 68, 7 P.2d 825; Frankey v. Patten, 75 Utah 231, 284 P. 318; Carter v. Commonwealth, 199 Va. 466, 100 S.E.2d 681; Royster v. Smith, 195 Va. 228, 77 S.E.2d 855; Crutchfield v. Commonwealth, 187 Va. 291, 46 S.E.2d 340; Jessup v. Commonwealth, 185 Va. 610, 39 S.E.2d 638; Powell v. Commonwealth, 182 Va. 327, 28 S.E.2d 687; State v. Dooly, 14 Wash.2d 459, 128 P.2d 486.
The Circuit Court of Fayette County had the power and the authority to impose a valid sentence in conformity with Section 12, Article 8, Chapter 61, Code, 1931, which requires a sentence of confinement in the penitentiary for not less than five years or more than ten years; and the form of the sentence imposed by the circuit court by its order of November 24, 1961, was in conformity with the requirements of the statute. Though the circuit court was empowered to impose the sentence required by the statute, which was sufficient in form, it was without jurisdiction to impose such sentence in the absence of the petitioner who at that time was not personally present in court but was serving a sentence of imprisonment in the penitentiary.
Section 2, Article 3, Chapter 62, Code, 1931, provides, in part, that "A person indicted for a felony shall be personally present during the trial therefor." This provision was incorporated in the Virginia Codes of 1849 and 1860 and has remained intact in the Codes of this State since 1868. In many decisions, beginning with Younger v. State, 2 W.Va. 579, 98 Am.Dec. 791, decided in 1868, and including State ex rel. Dandy v. Thompson, W.Va., 134 S.E.2d 730, decided in February 1964, this Court has held that this requirement of the statute is mandatory and means that such person must be present in person when any step affecting him is taken from arraignment to final judgment inclusive. See State v. Vance, 146 W.Va. 925, 124 S.E.2d 252; Dye v. Skeen, 135 W.Va. 90, 62 S.E.2d 681, 24 A.L.R.2d 1234; State v. Martin, 120 W.Va. 229, 197 S.E. 727; State v. Howerton, 100 W.Va. 501, 130 S.E. 655; State v. McCausland, 82 W.Va. 525, 96 S.E. 938; State v. Snider, 81 W.Va. 522, 94 S.E. 981; State v. Grove, 74 W.Va. 702, 82 S.E. 1019; State v. Sutter, 71 W.Va. 371, 76 S.E. 811, 43 L.R.A., N.S., 399; State v. Stevenson, 64 W.Va. 392, 62 S.E. 688, 19 L.R.A., N.S., 713; State v. Detwiler, 60 W.Va. 583, 55 S.E. 654; State v. Sheppard, 49 W.Va. 582, 39 S.E. 676; State v. Parsons, 39 W.Va. 464, 19 S.E. 876; State v. Greer, 22 W.Va. 800; State v. Sutfin, 22 W.Va. 771; State v. Conkle, 16 W.Va. 736. This Court has said that this provision of the statute has always been viewed as mandatory, that it will be strictly applied and enforced, and that the right which it safeguards to the accused of being personally present at all times during his trial has been deemed to be an inalienable right. State v. Vance, 146 W.Va. 925, 124 S.E.2d 252; State v. Howerton, 100 W.Va. 501, 130 S.E. 655; State v. Grove, 74 W.Va. 702, 82 S.E. 1019. In the early case of State v. Sheppard, 49 W.Va. 582, 39 S.E. 676, this Court held in point 22 of the syllabus that the right of the prisoner in a felony case to be present at all stages of the trial is a constitutional right which he can not waive and of which he can not be deprived and that the error which resulted from his absence at any stage of the trial can not be cured. Though the petitioner was present when the void judgment was entered his presence at that time did not dispense with the requirement that he should be present when the second judgment *425 which imposed the sentence provided by the statute was entered and that judgment, because of the absence of the petitioner, was also a void judgment. In Ex Parte Mylius, 61 W.Va. 405, 56 S.E. 602, 10 L.R.A., N.S., 1098, 11 Ann.Cas. 812, this Court held in point 2 of the syllabus that a judgment or order committing to jail upon a charge of contempt in disobeying a decree, made in the absence of a person, is void, and that a person imprisoned under such judgment will be relieved by a writ of habeas corpus. In the opinion this Court said that "Judgment of imprisonment for felony or misdemeanor, cannot be rendered in the absence of the person." In State v. Dolan, 58 W.Va. 263, 52 S.E. 181, 6 Ann.Cas. 450, a prosecution for a misdemeanor, the opinion contains this language: "In State v. Campbell, 42 W.Va. 246, (24 S.E. 875) syl., pt. 4, it is held: `A defendant may appear by counsel in any misdemeanor case, although it be punishable by imprisonment, but in no case can there be judgment of imprisonment without having the defendant present at its rendition.' The authorities are uniform that judgment of imprisonment cannot be rendered in the absence of the defendant."
Numerous decisions of the courts in other jurisdictions hold that in a prosecution for a felony the accused has the right to be present in person at all stages of the trial and that the absence of the accused from the court, voluntarily or involuntarily, when sentence is pronounced in such case results in an illegal sentence without due process of law and that a resentence of the accused is required when his presence is obtained. State ex rel. Shetsky v. Utecht, 228 Minn. 44, 36 N.W.2d 126, 6 A.L.R.2d 988; State v. McClain, 156 Mo. 99, 56 S.W. 731; State v. McClain, 137 Mo. 307, 38 S. W. 906; People v. Winchell, (N.Y.), 7 Cow. 525; State v. Cherry, 154 N.C. 624, 70 S.E. 294; Ex Parte Lyde, 17 Okl.Crim. 618, 191 P. 606; Prine v. Commonwealth, 18 Pa. 103; Andrews v. State, 34 Tenn. 550; Powell v. Commonwealth, 182 Va. 327, 28 S.E.2d 687; Noell v. Commonwealth, 135 Va. 600, 115 S.E. 679, 30 A.L.R. 1345; Bond v. Commonwealth, 83 Va. 581, 3 S.E. 149; Hooker v. Commonwealth, 13 Gratt. 763, 54 Va. 763.
The right of the accused to be present when sentence is pronounced extends to and includes the right to be present when a modification or change of the sentence is pronounced, or when the original sentence is vacated and a new sentence is pronounced, even though the change or the resentence is during the same term of court, or when the effect of any change is to increase or reduce the punishment. 24 C.J.S. Criminal Law § 1591.
In the light of the foregoing authorities it is clear that in a prosecution for a felony a judgment imposing an original sentence of imprisonment, and a subsequent judgment resentencing the defendant to imprisonment after the imposition of a prior void judgment of imprisonment, must be rendered while the defendant is personally present in court and that any judgment of imprisonment rendered in such proceeding in the absence of the defendant is a void judgment.
As the original sentence of not less than one year or more than five years imposed by the circuit court by its order of October 27, 1961, was void because it did not strictly conform to the statute which prescribes the punishment to be imposed for the crime of incest, and as the subsequent sentence of not less than five years or more than ten years imposed by the circuit court by its order of November 24, 1961, though regular in form, was likewise void because rendered in the absence of the petitioner, the imprisonment of the petitioner under such void judgments is unlawful and he is entitled to a release from such imprisonment. A person imprisoned under a void sentence will be released from such imprisonment by a writ of habeas corpus. State ex rel. Mundy v. Boles, W.Va., 137 S.E.2d 240; State ex rel. Facemyer v. Boles, W.Va., 137 S.E.2d 237; State ex rel. Nicholson v. Boles, W. *426 Va., 134 S.E.2d 576, and the many cases cited in the opinion in that case.
When a judgment in a criminal case is subject to direct attack by a writ of error as distinguished from a collateral attack in a habeas corpus proceeding, and there is no error in the case other than in the judgment imposing sentence, upon the writ of error involving a direct attack a new trial will not be granted but the judgment should be reversed and the case remanded for entry of a proper judgment of sentence by the trial court. State ex rel. Nicholson v. Boles, W.Va., 134 S.E.2d 576; State v. Bail, 140 W.Va. 680, 88 S.E. 2d 634; State v. Blankenship, 137 W.Va. 1, 69 S.E.2d 398; State v. Justice, 130 W.Va. 662, 44 S.E.2d 859, certiorari denied, 333 U.S. 844, 68 S.Ct. 662, 92 L.Ed. 1128; State v. Fisher, 126 W.Va. 117, 27 S.E.2d 581; State v. McKown, 116 W.Va. 253, 180 S.E. 93; State v. Coontz, 94 W.Va. 59, 117 S.E. 701; State v. Mooney, 27 W.Va. 546. In a habeas corpus proceeding, however, in which the attack on a judgment is a collateral attack and not a direct attack, and such proceeding not being a substitute for a writ of error or other appellate process, the judgment can not be reversed, vacated, annulled, set aside or modified but in such proceeding such judgment can only be held to be unenforceable to the extent that it is wholly or partly void and of no force or effect. State ex rel. Nicholson v. Boles, W.Va., 134 S.E.2d 576.
For the reasons stated in this opinion the petitioner is entitled to a writ requiring his discharge forthwith from confinement under the void judgments rendered by the Circuit Court of Fayette County and such writ is hereby awarded; but the award of the writ is without prejudice to the right of the State of West Virginia to invoke any lawful means that may be available to it to proceed further against the petitioner to impose a valid sentence in the manner provided by law. State ex rel. Nicholson v. Boles, W.Va., 134 S.E.2d 576; Richardson v. Hand, 182 Kan. 326, 320 P.2d 837; State ex rel. Shetsky v. Utecht, 228 Minn. 44, 36 N.W. 2d 126, 6 A.L.R.2d 988; Lee Lim v. Davis, 75 Utah 245, 284 P. 323, 76 A.L.R. 460; Powell v. Commonwealth, 182 Va. 327, 28 S.E.2d 687. In the event such valid sentence is imposed upon the petitioner, the court may in its discretion allow him credit for the period of his imprisonment from May 9, 1961, when he was first confined in the county jail of Fayette County.
Writ awarded; prisoner discharged from present confinement, subject to the right of the State to proceed against him further as provided by law.