STATE *ex rel.* WILLIAM RUSSELL TUNE

*v.*

HONORABLE WILLIAM J. THOMPSON, *Judge of the Intermediate Court of Kanawha Co., W. Va.*

(No. 12603)

Submitted October 18, 1966. Decided December 6, 1966.

Calhoun, Judge, dissenting.

*Steptoe & Johnson, Edward W. Eardley,* for relator.

*C. Donald Robertson,* Attorney General, *Leo Catsonis,* Assistant Attorney General, for respondent.

BROWNING, JUDGE:

In this original proceeding in this Court, petitioner, William Russell Tune, seeks to prohibit the respondent, the Honorable William J. Thompson, Judge of the Intermediate Court of Kanawha County, from causing petitioner to be tried a second time upon an indictment returned February 15, 1963, charging petitioner with the offense of armed robbery.

The petition alleges, and it is uncontradicted by the answer of respondent, that petitioner was tried upon this indictment in March, 1963, convicted, a motion to set aside the verdict was overruled and petitioner was sentenced to a term of twelve years in the penitentiary. Petitioner made a timely request for a transcript for the purpose of applying for an appeal, however, such transcript was not provided until almost one year later, long after the time within which he could apply for an appeal had expired. Thereafter, in June, 1966, the Circuit Court of Marshall County, in a habeas corpus proceeding instituted by the petitioner, entered an order discharging him from custody on the ground that petitioner's constitutional rights had been violated, presumably in the failure to timely provide a transcript, but stayed the execution of such order for a period of ten days in order for the state to take such further action as it desired. Petitioner was returned to Kanawha County under authority of a writ of habeas corpus ad prosequendum and is being held for a second trial upon the aforementioned indictment.

Petitioner entered a plea of former jeopardy alleging the facts of the previous trial, conviction and sentence and asserting that such judgment remains in full force and effect although held to be unenforceable in the habeas corpus proceeding, to which plea the state demurred, the demurrer was sustained and the case set for trial.

The validity of the order of the Circuit Court of Marshall County discharging the prisoner from custody upon the ground that the failure to supply him with certain portions of the record of the trial court,

he having made timely application therefor, is not before us inasmuch as the state did not appeal as it had a right to do from that order. This Court, in original proceedings in habeas corpus, has discharged many prisoners from custody, in some instances specifically stating that such action was without prejudice to the right of the state to further proceed against the petitioner therein and other cases being silent upon that question. However, where the opinion was silent as to the question of retrial, they have been retried and convicted and this Court has refused to disturb the subsequent convictions.

There is no question about the validity of the provisions of Code, 51-7-7, as amended, providing that an indigent defendant is entitled to "a transcript of the testimony and proceedings of the trial, . . ." in the court in which he was convicted, that being settled in *Linger v. Jennings,* 143 W. Va. 57, 99 S. E. 2d 740. Furthermore, there can now be no question but what the failure to comply with such request, timely made, violates the guarantees of due process of law provided for in the Fourteenth Amendment of the Constitution of the United States and Article III, Section 10 of the constitution of this state. *State ex rel. Kennedy v. Boles,* 150 W. Va. 504, 147 S. E. 2d 391; *State ex rel. Legg v. Boles,* 148 W. Va. 354, 135 S. E. 2d 257; *State ex rel. Banach v. Boles,* 147 W. Va. 850, 131 S. E. 2d 722. Upon facts indistinguishable from those in the present case, this Court in the *Banach* case, ordered the prisoner discharged, this being a quotation from that opinion: "Since, under the *Griffin* case, we must assume for purposes of this decision that errors were committed upon the trial of the case which would have merited a reversal of petitioner's conviction had he been able to pursue the proper appellate procedure and in the absence of any power in this Court to supply such deficiency at this date, the time for appeal having expired, or to order a new trial, petitioner is entitled to his release upon the writ heretofore issued. . . ." Chapter 53, Article 4, of the Code, as amended,

controls habeas corpus procedure in this state and Section 7 thereof provides: ''The court or judge before whom the petitioner is brought, after hearing the matter both upon the return and any other evidence, shall either discharge or remand him, or admit him to bail, as may be proper. . . .'' This section is declarative of the common law principle that a proceeding in habeas corpus, being a collateral and not a direct attack, cannot reverse, vacate, annul, set aside or modify a judgment but can only vitiate its enforcement to the extent that it is wholly or partially void. *State ex rel. Boner v. Boles,* 148 W. Va. 802, 137 S. E. 2d 418; *State ex rel. Nicholson v. Boles,* 148 W. Va. 229, 134 S. E. 2d 576; and cases cited therein. ''It acts directly on the effect of the judgment, that is on the imprisonment, but only collaterally on the judgment itself. . . .'' *Ex parte Mooney,* 26 W. Va. 36. The phrase, ''or to order a new trial'', as used in the *Banach* case, which has apparently caused some consternation or ''viewing with alarm'', therefore, simply reiterated what had theretofore been said, which was that the appellate period having passed, this Court could give the defendant no relief except in habeas corpus and the only relief he could be given in that proceeding was to discharge him. This Court did not say in that case that the defendant could not be retried. That question was not in issue and therefore no comment thereon was made in the opinion.

A discharge in habeas corpus affects only the imprisonment, that is, the illegal restraint. ''The primary object of habeas corpus is to determine the legality of the restraint under which a person is held and the only issue which it presents is whether the prisoner is restrained of his liberty by due process of law.'' *State ex rel. Titus v. Hayes,* 150 W. Va. 151, 144 S. E. 2d 502. It does not act upon the penalty nor does it operate as an absolute discharge from the legal consequences, or as an acquittal, of a crime. It does not deprive a court of any jurisdiction it may otherwise have. It merely requires resumption of the proceedings at the point

they had reached prior to the unlawful action on the part of the court. *State ex rel. Powers v. Boles,* 149 W. Va. 6, 138 S. E. 2d 159; *State ex rel. Boner v. Boles,* 148 W. Va. 802, 137 S. E. 2d 418; *State ex rel. Nicholson v. Boles,* 148 W. Va. 299, 134 S. E. 2d 576. It presents no bar to subsequent proceedings for the reason that the former proceedings having been held invalid, jeopardy did not attach. *State v. Holland,* 149 W. Va. 731, 143 S. E. 2d 148. Especially is this true where the accused himself has set in motion the proceedings which nullified the judgment. *State v. Holland,* 149 W. Va. 731, 143 S. E. 2d 148; *Foran v. Maxwell* (Ohio, 1962), 184 N. E. 2d 398; *Northcott v. Hand* (Kan., 1960), 352 P. 2d 450; *U. S. v. Nash,* 264 F. 2d 610; *U. S. v. Tateo,* 377 U. S. 463, 12 L. Ed. 2d 448, 84 S. Ct. 1587. It is true that in the instant case, distinguishing it from the above cases, the defect rendering petitioner's confinement illegal occurred subsequent to the judgment and not prior thereto. However, we are of the opinion that the distinction is immaterial. The only reason for the release of petitioner in habeas corpus was because, as stated in *Banach,* "under the *Griffin* case, we must assume . . . that errors were committed upon the trial of the case which would have merited a reversal of petitioner's conviction had he been able to pursue the proper appellate procedure." It does not require authority for the proposition that when a defendant, upon direct attack, obtains a reversal of a prior, unsatisfied conviction he may be retried in the normal course of events. It, therefore, would be incongruous to compel greater relief for one who proceeds collaterally in habeas corpus than for one whose rights are vindicated on direct review.

For the reasons herein stated the writ of prohibition will be denied.

*Writ denied.*

CALHOUN, JUDGE, dissenting:

I dissent, respectfully but earnestly. I am impressed by the apparent ease with which the Court has decided a constitutional question which, in my opinion, is dif-

ficult and one of more than passing significance. The majority opinion omits to cite a pertinent precedent for the decision for the very good reason that no such precedent has come to our attention, either by briefs and oral arguments of counsel or by our own research.

As I understand the majority opinion, the actual decision is embodied in two sentences near the end of the opinion as follows: "* * * It does not require authority for the proposition that when a defendant, upon direct attack, obtains a reversal of a prior unsatisfied conviction, he may be retried in the normal course of events. It, therefore, would be incongruous to compel greater relief for one who proceeds collaterally in habeas corpus than for one whose rights are vindicated on direct review." In my view, the conclusion reached in the language quoted embodies a glaring *non sequitur* and an utter lack of basis in logic or pertinent legal principles.

The analogy which the Court makes between a direct attack by appellate procedure and a collateral attack by habeas corpus is obviously based on unsound reasoning. When a person who has been convicted and sentenced for a crime resorts to appellate procedure, he specifically and expressly requests the appellate court to reverse the judgment of sentence, to set aside the verdict and to grant him a new trial on the same indictment. In this respect, the defendant expressly waives the defense of former jeopardy in a manner which is a fundamental part of our legal system. If he is successful on his appeal, the appellate court nullifies the conviction and sentence and, from the standpoint of their legal effect, they disappear. The same situation obtains when a new trial is granted by the trial court. But as contradistinguished from direct attack, the collateral attack by habeas corpus, according to the majority opinion, involves the sole question whether the prisoner "is restrained of his liberty by due process of law." The prisoner in the instant case has not sought to have a court nullify any part of his

trial. He merely sought and obtained release from imprisonment because of a denial of due process which occurred months after final judgment.

The majority opinion quotes with approval a portion of the second point of the syllabus of *Ex Parte Mooney*, 26 W. Va. 36. The entire syllabus point is as follows: "Jurisdiction in proceedings on *habeas corpus* in cases, where the detention is by commitment under legal process, is not strictly speaking a power of revision but a power to arrest a void order or judgment. It acts *directly* on the effect of the order or judgment, but *only collaterally* on the order or judgment itself. It can not, therefore, be made a substitute for a writ of error or *certiorari*." The majority opinion omits to point out wherein and for what reason the proceedings by which the prisoner in this case was convicted and sentenced involve "a void order or judgment", as that phrase is used in the syllabus point quoted above.

It is doubtless true that a habeas corpus proceeding involves a collateral attack and perhaps it is true in a sense, as the Court stated in the first point of the syllabus in this case, that "The sole issue presented in a habeas corpus proceeding by a prisoner is whether he is restrained of his liberty by due process of law." I believe, nevertheless, that in all habeas corpus cases in which we have heretofore discharged persons from imprisonment, we have done so by collaterally declaring to be "void" some part or all of the court proceedings which led to the imprisonment.

In prior cases we have, in habeas corpus proceedings, determined and adjudged that indictments were void, and, on that basis, prisoners have been discharged. We recognize in habeas corpus proceedings that if the trial court lacked jurisdiction, or if the indictment is void, the conviction and sentence are consequently void. We recognize that former jeopardy does not attach if the sentence in question is based on a void indictment or if it was pronounced by a court lacking jurisdiction. In this case, however, the validity

of the entire proceeding which resulted in the imprisonment, from the indictment to and including the sentence and commitment, remains unassailed and unchallenged. The majority opinion does not say that any part of the trial court proceedings from indictment to commitment, inclusive, is void. I apprehend that the very good reason for this is that the Court has not been able to find any legal basis for adjudging any part of such proceedings to be void.

I believe that innumerable prior decisions of this Court firmly establish the principle that, before we are warranted in discharging a prisoner by habeas corpus for some reason based on proceedings leading to his imprisonment, we must adjudge collaterally that something leading to the imprisonment is void. If in habeas corpus we adjudge, for instance, that the indictment is void or that the trial court acted without jurisdiction, it clearly follows that the entire trial proceedings are void and can form no impediment to a second trial. In numerous cases we have held merely that only the sentence was void; and in such cases we have discharged the prisoner, subject to the right of the state to return him to the trial court for imposition of a valid sentence.

The validity of the trial court proceedings which led to the imprisonment has not been challenged in any manner in any court, so far as this record discloses. In this respect, this case is clearly distinguishable from *State ex rel. Holland v. Boles,* 149 W. Va. 731, 143 S. E. 2d 148, in which a federal court held that the trial was void because of something which was a part of the trial itself.

In this case, the Circuit Court of Marshall County discharged the prisoner, not because of the invalidity of any part of the trial court procedure leading to the imprisonment but rather because of something relating to the appellate process. In the habeas corpus proceeding before the Circuit Court of Marshall County, there was no challenge to the validity of any part of the

entire procedure which preceded the imprisonment, and that court did not adjudge that any part of the procedure leading to the imprisonment was void, for the very good reason that it had no right or power to do so.

In three cases, this Court, by habeas corpus, has discharged prisoners because of improper denial of transcripts for purposes of appeal. In *State ex rel. Banach v. Boles,* 147 W. Va. 850, 131 S. E. 2d 722, the Court correctly held, in line with decisions of the Supreme Court of the United States, that the wrongful denial of a transcript constituted a denial of due process of law and that "* * * there being no other method by which to secure to petitioner a vindication of his rights, he is entitled to be discharged upon the writ of habeas corpus heretofore awarded." The Court had no legal right or power to hold and therefore did not hold that the sentence was void. It merely held that, inasmuch as the prisoner was denied due process of law, he would be discharged from further imprisonment. Later, in *State ex rel. Legg v. Boles,* 148 W. Va. 354, pt. 1 syl., 135 S. E. 2d 257, the Court stated that the denial of due process in this respect "* * * renders void any sentence resulting from a trial * * *." This, in my view, resulted from an inappropriate choice of language, rather than from a deliberate decision by the Court. In the quite recent case of *State ex rel. Kennedy v. Boles,* 150 W. Va. 504, pt. 2 syl., 147 S. E. 2d 391, the Court, in my view, returned a proper holding, the only one warranted by law, as follows: "* * * the judgment imposing sentence is unenforceable; * * *."

In *State ex rel. Knutson v. Jackson,* 249 Minn. 246, 253, 82 N. W. 2d 234, 239, the court stated: "* * * It appears basic in the law that the effect upon a claim or plea of former jeopardy of a discharge on habeas corpus after conviction depends upon the ground of the discharge. * * *." A general rule relative to the availability of a plea of former jeopardy to one who has been discharged from imprisonment by habeas

corpus is stated in 21 Am. Jur. 2d, Criminal Law, Section 210, page 254 as follows:

"The effectiveness of a plea of former jeopardy based on a release on habeas corpus after a conviction depends on the ground of the discharge. If the discharge is on the ground that the court trying the accused lacked jurisdiction, or that the indictment under which he was tried did not state an offense, or that the indictment was returned by an illegal grand jury, or that the defendant was tried under a void statute, or that the sentence was illegal, the defendant is deemed not to have been in jeopardy in a legal sense and further proceedings against him are permissible."

This Court has held that a trial cannot form the basis of former jeopardy if it is held by a court lacking jurisdiction; on a void indictment; if the jury is discharged for "manifest necessity" or for failure to agree upon a verdict; or if the case is reversed on appeal. In all such situations the judgment is void and a nullity. If the prisoner in the instant case is required to stand trial again, as authorized by the Court's decision, and if he is thereafter again convicted and sentenced, we will have an anomalous situation of two convictions and two sentences of the same prisoner, involving the same offense, and upon the same indictment, existing simultaneously in the same court.

I am unable to discern from the majority opinion just what the Court did hold in this case. If it did not hold the sentence to be void, and I believe this to be a fact, upon what legal basis was the case decided? If the sentence is void, at what stage did it become void? Did it remain valid until the transcript was denied? Did it in some retroactive way become void *ab initio?* Is the procedure void merely back to the time sentence was imposed; and, if so, might the prisoner be returned to the trial court for imposition of a valid sen-

tence? Or did the entire proceeding in some retroactive way become void all the way back beyond the arraignment to the indictment, with the result that it can be said that, all such proceedings being void, jeopardy never did attach?

The Circuit Court of Marshall County had power in the habeas corpus proceeding under Code, 1931, 53-4-7, only to do one of three things: "* * * discharge or remand him, or admit him to bail, * * *." The circuit court did not discharge the prisoner on condition that he forego or waive his constitutional right not to "* * * be twice put in jeopardy of life or liberty for the same offence." Constitution of West Virginia Article III, Section 5. The circuit court had no power to do so.

To me it is unthinkable that, upon some basis I cannot comprehend, the Court has held that, in order for the prisoner to assert his fundamental right to due process of law in relation to appellate procedure, he must forego an equally fundamental constitutional right relating to double jeopardy.

For reasons stated, I would grant the writ of prohibition.