STATE *ex rel.* RICHARD G. BRADLEY

*v.*

E. M. "PETE" JOHNSON, SUCCESSOR TO G. KEMP MELTON, SHERIFF OF KANAWHA COUNTY, WEST VIRGINIA

(No. 12790)

Submitted January 8, 1969.      Decided March 4, 1969.

*Allan H. Masinter,* for relator.

*C. Donald Robertson,* Attorney General, *Leo Catsonis,* Assistant Attorney General, for respondent.

HAYMOND, PRESIDENT:

In this original habeas corpus proceeding, instituted in this Court in December 1968, the petitioner, Richard G. Bradley, seeks a writ to compel the defendant, G. Kemp Melton, Sheriff of Kanawha County, West Virginia, to release him from his present confinement in the jail of Kanawha County, West Virginia, under a sentence of imprisonment in the penitentiary of this State for a period of not less than one year or more than ten years, with credit for the time served by the petitioner from November 29, 1967 imposed by the Intermediate Court of Kanawha

County, West Virginia, by its final judgment of October 14, 1968.

The original defendant was G. Kemp Melton, Sheriff of Kanawha County, whose term as sheriff has expired, and this proceeding has been revived in the name of his successor, E. M. "Pete" Johnson, the present sheriff, who is now the defendant in the place and stead of the former sheriff.

Upon the return day of the writ, January 8, 1969, this proceeding was heard upon the petition, the demurrer and the return of the defendant, who produced the body of the petitioner in court, and upon the briefs and oral argument of the attorneys for the respective parties and was submitted for decision.

The material facts are not disputed. The petitioner was indicted for the crime of grand larceny by the grand jury of the Intermediate Court of Kanawha County at its September 1967 term and upon the trial of the indictment the jury returned a verdict which found the defendant guilty of the offense charged against him. The court overruled the motion of the defendant to set aside the verdict and grant him a new trial and on November 29, 1967 sentenced him to confinement in the penitentiary of this State for an indeterminate term of not less than one year or more than ten years with credit for the time spent by him in the county jail.

On April 24, 1968, the petitioner instituted a habeas corpus proceeding in the Circuit Court of Kanawha County, seeking his release on the ground that he had been denied effective assistance of counsel and because of the failure of the petitioner to obtain a transcript of the record of his trial to enable him to apply for a writ of error to the final judgment sentencing him to confinement in the penitentiary. At a hearing of the proceeding on May 27, 1968, the circuit court found that the petitioner had been denied his right to apply for a writ of error and by final judgment rendered August 14, 1968, discharged the petitioner from custody but suspended the execution of the judgment for a period of

sixty days to enable the State to make proper disposition of the case in a "constitutionally permissible" manner.

Within the sixty day period the petitioner was brought before the Intermediate Court of Kanawha County and upon motion of the State that court on October 14, 1968, set aside the sentence imposed on November 29, 1967 and resentenced the petitioner to imprisonment for a term of not less than one year or more than ten years, with credit for the time served from November 29, 1967. In so sentencing the petitioner the intermediate court did not act pursuant to the provisions of Article 4A, Chapter 53, Code, 1931, as amended, for the reason that no proceeding under that statute was then pending in that court. After imposing the foregoing sentence that court granted a stay of execution for thirty days to enable the petitioner to perfect an appeal and appointed counsel to represent him on such appeal but no appeal was applied for by the petitioner.

The petitioner contends that inasmuch as the judgment of the intermediate court of November 29, 1967, which sentenced him to confinement in the penitentiary of this State for an indeterminate term of not less than one year or more than ten years, with credit spent by him in the county jail, was valid and regular on its face, and inasmuch as such judgment was not reversed, set aside, or modified during the term of court at which it was rendered and before the adjournment of that term, the intermediate court was without jurisdiction to vacate and set aside its judgment of November 29, 1967 and to resentence the petitioner to confinement in the penitentiary of this State for an indeterminate term of not less than one year or more than ten years with credit for the specified time served by the petitioner.

On the contrary the defendant asserts that by virtue of the provisions of Section 7(c), Article 4A, Chapter 53, Code, 1931, as amended, enacted by the Legislature January 25, 1967, effective from passage, the intermediate court had the power and authority to enter an appropriate order with respect to the conviction or sentence of the petitioner in the former criminal proceeding, to vacate and set aside

the judgment of November 29, 1967, and to resentence the petitioner by its final judgment of October 14, 1968.

There is no merit in the contention of the petitioner that the final judgment of November 29, 1967 could not be vacated and set aside and a subsequent judgment entered by the intermediate court on October 14, 1968 which resentenced the petitioner to confinement in the penitentiary for an indeterminate term of not less than one year or more than ten years. It is true that before the adoption of the Rules of Civil Procedure, effective July 1, 1960, which do not, of course, apply to criminal proceedings, or to the extraordinary proceedings of habeas corpus, mandamus and prohibition, and prior to the enactment in January 1967 of Article 4A, Chapter 53, Code, 1931, as amended, this Court had held in many decisions that after the expiration of the term of court at which a final judgment adjudicating the matters involved and determining the rights of the parties in a suit or an action was entered, the court which entered such judgment is without authority, unless authorized by statute, to modify or vacate its final judgment at any subsequent term except to modify it for clerical errors or to modify or vacate it for such matter as constitutes ground for a bill of review or for an original bill to impeach it for fraud in its procurement or other sufficient cause such as mistake, surprise or accident. See *State Road Commission* v. *Hereford*, 151 W. Va. 526, 153 S. E. 2d 501; *Brown* v. *Brown*, 135 W. Va. 579, 64 S. E. 2d 620, and the many cases cited in the opinion in the *Brown* case.

The rule recognized and enforced in those cases, however, applied to and dealt with only a valid and effective final judgment, even though such judgment was erroneous or voidable but not void, and does not apply to or relate to a final judgment which is null and void and of no effect. The final judgment of the intermediate court of November 29, 1967, though valid and effective when entered, was rendered null and void and of no enforceable force and effect by the judgment of the Circuit Court of Kanawha County of August 14, 1968, in the habeas corpus proceeding

in that court for the reason that the petitioner had been denied his right to apply for a writ of error and which judgment discharged the petitioner from custody subject to suspension of execution for a period of sixty days to enable the State to make proper disposition of the case in a "constitutionally permissible" manner.

In *State ex rel. Boner* v. *Boles,* 148 W. Va. 802, 137 S. E. 2d 418, this Court held in point 6 of the syllabus that "When a sentence imposed in a criminal case is void, either because of lack of jurisdiction or because it was not warranted by statute for the particular offense, the court may set aside such void sentence and pronounce a valid sentence even though the execution of the void sentence has commenced, and without regard to the time when, or the term within which, such void sentence was imposed." *State ex rel. Rucker* v. *Boles,* 149 W. Va. 190, 139 S. E. 2d 265; *State ex rel. Powers* v. *Boles,* 149 W. Va. 6, 138 S. E. 2d 159. See also the many cases cited in the *Boner* case in support of the principle expressed in the above quoted syllabus in that case.

The intermediate court did not have the power and authority to vacate the final judgment of November 29, 1967, under the provisions of Section 7 (c), Article 4A, Chapter 53, Code, 1931, as amended, for the reason that no proceeding under that statute or of that character had been instituted or was pending in that court. The proceeding provided by Section 1, Article 4A, Chapter 53, Code, 1931, as amended, may be instituted only by a person convicted of a criminal offense and incarcerated under sentence of imprisonment, and not by or at the instance of the State; and the contention of the defendant that the provisions of Section 7 (c) of that article and chapter gave the intermediate court jurisdiction to set aside the final judgment of November 29, 1967, is without merit.

The intermediate court, however, independently of such proceeding, had the power and authority on October 14, 1968 to set aside and disregard its final judgment of November 29, 1967, which originally sentenced the petitioner to confinement in the penitentiary as above set forth for the

reason that such judgment had then become null and void and of no force and effect by reason of the denial by the State of the right of the petitioner to apply for a writ of error to that judgment. Being null and void and held to be unenforceable in the habeas corpus proceeding in the Circuit Court of Kanawha County, by its judgment of August 14, 1968, the judgment of the intermediate court of November 29, 1967 was subject to attack and reversal in the criminal proceeding in the intermediate court in which the petitioner was subsequently sentenced by the final judgment rendered October 14, 1968.

This Court has held in many cases that "A void judgment is a mere nullity and is of no valid force or effect." Point 2, syllabus, *State ex rel. Vance* v. *Arthur*, 142 W. Va. 737, 98 S. E. 2d 418, and the many cases cited in the opinion in that case; *State ex rel. Garnes* v. *Hanley*, 150 W. Va. 468, 147 S. E. 2d 284. In *State ex rel. Boner* v. *Boles*, 148 W. Va. 802, 137 S. E. 2d 418, this Court held in point 3 of the syllabus that "A void sentence is in law no sentence at all and the court upon a valid sentence may impose any penalty provided by law." This Court has also held in an unbroken line of cases that a void judgment, being a nullity, may be attacked collaterally or directly, at any time and in any court whenever any claim or right is asserted under such judgment. *State ex rel. Browning* v. *Tucker*, 142 W. Va. 830, 98 S. E. 2d 740, and the many cases cited in the opinion in that case. See also *State ex rel. Tune* v. *Thompson*, 151 W. Va. 282, 151 S. E. 2d 732. In that case, which was decided prior to the enactment of Article 4A, Chapter 53, Code, 1931, as amended, on January 25, 1967, this Court, in discussing a discharge in a habeas corpus proceeding under the statute then in effect, used this language: "It does not act upon the penalty nor does it operate as an absolute discharge from the legal consequences, or as an acquittal, of a crime. It does not deprive a court of any jurisdiction it may otherwise have. It merely requires resumption of the proceedings at the point they had reached prior to the unlawful action on the part of the court. * * *. It presents no bar to subsequent proceedings for the reason that the former proceedings having

been held invalid, jeopardy did not attach. *State* v. *Holland,* 149 W. Va. 731, 143 S. E. 2d 148 * * *. It does not require authority for the proposition that when a defendant, upon direct attack, obtains a reversal of a prior, unsatisfied conviction he may be retried in the normal course of events."

As the intermediate court, after setting aside the void judgment of November 29, 1967, had jurisdiction of the criminal proceeding and the power and authority to grant the petitioner a new trial or, as it did in lieu of a new trial, to resentence the petitioner to confinement in the penitentiary for a term of not less than one year or more than ten years with credit for the specified time served, and thus to restore and make available to the petitioner his right to apply for an appeal from such judgment, which is all he could have done if the transcript of the record of his trial had been seasonably furnished to him, the final judgment of imprisonment rendered by the intermediate court of October 14, 1968, is a valid and effective judgment and is enforceable against the petitioner. It follows that the relief which the petitioner seeks in this proceeding must be and it is denied, that the writ heretofore issued in this proceeding is discharged, and that the petitioner be and he is remanded to the custody of the defendant to serve in the manner provided by law the sentence imposed upon him on October 14, 1968.

*Writ discharged; prisoner remanded to the custody of the defendant.*