**STATE**

v.

**Ralph L. GRIFFITH.**

No. 93–571–C.A.

Supreme Court of Rhode Island.

June 14, 1995.

Jeffrey Pine, Atty. Gen., Andrea Mendes, Sp. Asst. Atty. Gen., Aaron Weisman, Asst. Atty. Gen., for plaintiff.

John A. Macfadyen, III, Providence, for defendant.

**OPINION**

SHEA, Justice.

This matter is before the Supreme Court on appeal by Ralph L. Griffith (Griffith or defendant) from a Superior Court jury conviction of first-degree child-molestation sexual assault. For the following reasons we sustain the appeal and vacate the defendant's conviction.

The facts and procedural history pertinent to this appeal are as follows. In January 1988 the Warwick police department received a complaint that Griffith, a resident of New Hampshire, had sexually assaulted his six-year-old niece, Nancy,[1] at her home in Warwick, Rhode Island. The police initiated an investigation and took Nancy's statement in which Nancy alleged that defendant sexually molested her while defendant was in Warwick visiting his brother on December 27, 1987. On January 10, 1988, when defendant came to visit again, the Warwick police sent a criminal investigator, Detective Kenneth Anderson (Anderson), to the Griffith home. Anderson advised defendant that an investigation was in progress and asked him to come to police headquarters for an interview. The defendant then followed the investigators to police headquarters in his own car.

Upon arrival, they went to an interview room where defendant was advised of his rights. Anderson told defendant that he was a suspect in a case of first-degree sexual assault. After defendant signed the rights form, Anderson explained Nancy's allegation

1. Nancy is a fictitious name.

that defendant had sexually molested her. The defendant initially denied the allegation but agreed to answer additional questions. The interview continued for approximately forty-five minutes during which defendant asked Anderson on two or three occasions whether he had a right to a lawyer and whether he was free to leave. Anderson responded affirmatively each time.

As the interview progressed, defendant gradually retracted his denial. He said, "Well, if I did do it, I don't remember." The defendant then remarked, "If you want me to admit to doing it, I will do it if that's what you want." The defendant then orally confessed to sexually molesting his niece. Anderson told defendant that he required the oral confession to be made in writing and gave defendant a statement form. The defendant read the statement form and wrote, "I admit to the charge of first-degree sexual assault against the person of my niece, [Nancy] on December 27, 1987."

After defendant was charged with two counts of first-degree child-molestation sexual assault, he moved to dismiss the charges on the grounds that the charges were violative of double jeopardy and were multiplicitous. He also moved to dismiss on the grounds that the application of the first-degree child-molestation sexual-assault statute, G.L.1956 (1981 Reenactment) § 11–37–8.1, as amended by P.L.1984, ch. 59, § 2, was unconstitutional. Both motions were denied.

On January 5, 1989, defendant moved to suppress his oral and written statements of confession. After presentation of evidence at the suppression hearing, the trial justice granted defendant's motion to suppress both oral and written confessions based on the fact that the confessions were obtained as a result of an unlawful arrest. The state filed a motion in limine, requesting that it be permitted to use defendant's confession for impeachment purposes if defendant testified at trial. The trial justice denied the motion by ruling that the prejudice of admitting the statements outweighed the probative value of the statements. The state subsequently appealed.

On appeal, this court held that the trial justice erroneously suppressed defendant's statements as the fruits of an illegal arrest. We ruled that defendant was not under arrest when he made the oral and written confessions, that his confession had been voluntary, and that he had knowingly and voluntarily waived his *Miranda* rights. *State v. Griffith,* 612 A.2d 21, 24 (R.I.1992) (Griffith I). Therefore, we held that the state was allowed to use defendant's statements in its case in chief. *Id.* at 25.

When the case was heard on the merits, defendant was found guilty of one count of first-degree child molestation, to wit, vaginal penetration. The defendant was sentenced to the Adult Correctional Institutions for twenty-five years, ten years to serve, and fifteen years suspended with probation. He was also ordered to undergo sex-offender counseling and pay for the counseling of the victim. The defendant subsequently appealed his conviction to this court.

The first issue presented by defendant is whether the trial justice erred when instructing the jury on the elements that must be proven to establish guilt under the first-degree child-molestation sexual-assault statute. Section 11–37–8.1. Section 11–37–8.1 provides in full: "A person is guilty of first degree child molestation sexual assault if he or she engages in sexual penetration with a person fourteen (14) years of age or under." The term "sexual penetration" is defined as follows:

"'Sexual penetration'—sexual intercourse, cunnilingus, fellatio, and anal intercourse, or any other intrusion, however slight, by any part of a person's body or by any object into the genital or anal openings of another person's body, but emission of semen is not required." Section 11–37–1, as amended by P.L.1986, ch. 191, § 1.

The trial justice charged the jury as follows:

"A person is guilty of first degree child molestation sexual assault, if he or she engages in sexual penetration with a person fourteen years of age or younger. So, therefore, the elements that the State must prove, that the person engaged in sexual penetration, that the other person was not his spouse, and that the victim was fourteen years of age or under.

"Our legislature has defined sexual penetration as meaning either sexual intercourse, anal intercourse, or other intrusion, however slight, by any part of a person's body or by an object, into the genital or anal openings of another person's body, but emission of semen is not required.

"Again, let me repeat: Any penetration or intrusion, however slight, is sufficient.

"Usually a victim of a first degree sexual assault is required to make such resistance or force as would be reasonable under all the circumstances, and it must be made in good faith. A child, however, or victim fourteen years of age or under, is not capable of giving consent, and it is not necessary for a victim of fourteen to offer any resistance.

"Also, in consideration of the charge, the testimony of the victim need not be corroborated. And so, ladies and gentlemen, if you find that the State has proved beyond a reasonable doubt that the defendant did engage in sexual penetration, and the victim is fourteen years of age or under, it is your duty to say guilty to that charge.

"And if you find the State had failed to prove each of those essential elements beyond a reasonable doubt, then it is your duty to say not guilty."

■ Following deliberations, the jury found defendant guilty of one count of first-degree child-molestation sexual assault, to wit, vaginal penetration. The defendant argues that the trial justice erred because he failed to instruct the jury that the state must prove beyond a reasonable doubt that defendant's acts were for the purpose of his own sexual arousal or gratification. The defendant argues that a plain reading of the first-degree child-molestation sexual-assault statute would compel a jury to find an individual guilty of an innocent penetration, without the requisite intent needed for culpability.

The defendant relies on our holding in *State v. Tobin*, 602 A.2d 528 (R.I.1992), to support its position. In *Tobin* we held that in the context of a defendant charged with second-degree sexual assault, the trial justice must instruct the jury that in order for a defendant to be proven guilty, one must find that that defendant acted with the intent of

"sexual arousal, gratification, or assault." *Id.* at 535. We recognized that the second-degree sexual-assault statute, which penalizes sexual contact, did not contain an express mens rea or intent requirement, and a literal reading of the statute would allow criminal liability without proof of any mens rea. *Id.* at 534. We predicated our decision on the statutory definition of "sexual contact," which is defined in § 11–37–1 as "the intentional touching of the victim's or accused's intimate parts, clothed or unclothed, if that intentional touching can be reasonably construed as intended by the accused to be for the purpose of sexual arousal, gratification or assault."

The existence of a mens rea is the rule rather than the exception under our jurisprudence, a principle "so deeply rooted in American law" that its absence in a statute does not mean the Legislature declined to require a specific mental state but that it rather "merely recognized that intent was so inherent in the idea of the offense that it required no statutory affirmation." *State v. Tobin*, 602 A.2d at 534 (quoting *Morissette v. United States*, 342 U.S. 246, 252, 72 S.Ct. 240, 244, 96 L.Ed. 288, 294 (1952)). Adhering to the reasoning of the *Morissette* Court, we hold that the first-degree child-molestation statute carries an implied intent requirement.

■ Under G.L.1956 (1985 Reenactment) § 8–2–38, the court is required to instruct the jury on all elements of a criminal charge. We have stated that if a judge fails to carry out this requirement and omits an instruction on a necessary element of a crime, any ensuing conviction must be vacated. *State v. Tobin*, 602 A.2d at 534–35. We believe that the first-degree child-molestation sexual-assault statute, like its second-degree sexual-assault counterpart, has an implied mens rea requirement requiring that the state must prove that a defendant must act with the intent of sexual arousal or gratification in order to be found guilty of the offense. It is true that our Legislature can enact strict liability statutes devoid of any mens rea; however, first-degree child-molestation sexual assault, which carries a minimum twenty-year sentence, is not a strict liability offense.

Therefore, since the trial justice in the case before us failed to give an instruction requiring the jury to find that defendant's act of penetration be for the purpose of sexual arousal or gratification, defendant's conviction must be vacated and the case must be remanded for a new trial.

The defendant's remaining arguments are without merit; however, we feel that it is necessary to respond to the argument that the trial justice committed reversible error when he refused to exclude defendant's confession under Rule 403 of the Rhode Island Rules of Evidence. Rule 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

The procedural history of this case illustrates that the trial justice who originally granted defendant's motion to suppress also ruled that the confession would be inadmissible for impeachment purposes if defendant decided to testify. The defendant contends that this court in *Griffith I* did not address the state's Rule 403 challenge and did not consider or decide whether the original trial justice had abused his discretion in making his Rule 403 decision. The defendant asserts that the only Rule 403 holding to date remains that of the original trial justice and that, therefore, that is the rule of the case. We disagree.

In *Griffith I*, we clearly stated, "The state may use defendant's statements in its case in chief; thus we do not address the state's claim that it should be allowed to use the statements for impeachment purposes." 612 A.2d at 25. Although our holding in *Griffith I* did not address the balancing test in Rule 403 challenges, we hold that it should be interpreted to mean that defendant's statements of confession are nonetheless admissible. The probative value of the statements of confession is not outweighed by any danger of unfair prejudice to defendant.

In summary we hold that it was reversible error not to instruct the jurors that they were required to find beyond a reasonable doubt that the defendant's penetration of the victim was for the purpose of the defendant's sexual arousal or gratification, in order to convict under §§ 11–37–1 and 11–37–8.1, the first-degree child-molestation sexual-assault statutes. Absent such instruction the jury could have convicted the defendant because of an innocent touching. Upon retrial the trial justice must instruct the jury accordingly.

For the reasons stated, the defendant's appeal is sustained, the judgment of conviction appealed from is vacated, and the case is remanded to the Superior Court for a new trial.

BOURCIER, J., did not participate.