**In re ODELL.**

**No. 95–303–Appeal.**

Supreme Court of Rhode Island.

March 19, 1996.

Annie Goldberg, Asst. Atty. General, Aaron Weisman, Asst. Atty. General, for Plaintiff.

George J. West, Providence, for Defendant.

**OPINION**

PER CURIAM.

This matter came before the Supreme Court on January 24, 1996, pursuant to an order directing all parties to appear and show cause why this appeal should not be summarily decided. In this case the respondent, a juvenile, appeals from a Family Court decree finding him to be delinquent on the basis of a petition alleging that he engaged in sexual penetration of a minor under the age of fourteen.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown and that the issues raised by this appeal will be decided at this time.

The respondent, Odell, was adjudicated a delinquent after a trial before a Family Court justice. The victim, who was eleven years old at the time of trial, testified that respondent sexually assaulted her on two different occasions. The victim's brother, who was aged fourteen at the time of trial, testified that on one occasion both he and respondent sexually assaulted his sister. The respondent denied committing the assaults.

On appeal respondent argues that the trial justice should have granted his motion for judgment of acquittal because there was insufficient evidence to support a finding of delinquency. He claims that the victim's inability to recall the school she attended at the time of the alleged assaults and the lack of medical, police, and adult testimony precludes a finding of guilt. The respondent also challenges the credibility of the state's witnesses.

 In reviewing a motion for judgment of acquittal, this court, like the trial justice, must determine whether the evidence "is capable of generating proof of guilt beyond a reasonable doubt." *State v. Mercado,* 635 A.2d 260, 263 (R.I.1993) (quoting *State v. Caruolo,* 524 A.2d 575, 581 (R.I.1987)). In so doing, the trial justice views the evidence in a light most favorable to the state, without weighing the evidence or assessing the credibility of the witness, drawing from it every reasonable inference of guilt. *Id.* Applying this standard to the present case, the trial justice properly found that the testimony of the victim and her brother was sufficient to "generate proof of guilt beyond a reasonable doubt." *Caruolo,* 524 A.2d at 581.

The respondent also challenges the refusal of the trial justice to admit into evidence his favorable polygraph results. He argues that our opinion in *State v. Dery,* 545 A.2d 1014 (R.I.1988), has been overruled by the recent decision of the United States Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

In *Daubert* the Supreme Court held that the *Frye* test was superseded by the enactment of the Federal Rules of Evidence.[1] *Id.* at —— – ——, 113 S.Ct. at 2794–95, 125 L.Ed.2d at 480. The Supreme Court cautioned, however, that the Federal Rules of Evidence require a trial justice to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Id.* at ——, 113 S.Ct. at 2795, 125 L.Ed.2d at 480.

 In *Dery* this court reviewed the testimony of several experts before it concluded that "test results of polygraph examinations have not been established as scientifically reliable." 545 A.2d at 1017. By so deciding, Rhode Island joined the majority of jurisdictions holding polygraph results inadmissible. That decision was based not only on the *Frye* standard, but also on the inaccuracy of the polygraph test. Our holding in *Dery* is therefore consistent with the opinion of the Supreme Court in *Daubert.*

Next, respondent contends that he was improperly charged under G.L.1956 § 11–37–8.1 because he was under the age of fourteen at the time of the alleged incidents and, therefore, within the class of persons sought to be protected by the statute. He also argues that at common law a minor under the age of fourteen could not commit a crime.[2]

 Section 11–37–8.1 states that "[a] person is guilty of first degree child molestation sexual assault if he or she engages in sexual penetration with a person fourteen (14) years

---

1. The *Frye* standard requires a scientific methodology to be *"sufficiently established to have gained general acceptance in the particular field in which it belongs."* *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, ——, 113 S.Ct. 2786, 2793, 125 L.Ed.2d 469, 478 (1993) (quoting *Frye v. United States,* 54 App.D.C. 46, 47, 293 F. 1013, 1014 (1923)).

2. At common law "[a] child under the age of seven years is conclusively presumed incapable of criminal guilt." 1 *Wharton's Criminal Law and Procedure,* § 35 at 76 (12th ed. Anderson 1957). "An infant between the age of seven and fourteen years is presumed to be incapable of entertaining criminal intent, [however], this presumption may be rebutted upon proof that [the child] knew the difference between right and

wrong, and the nature and consequences of his [or her] act." *Id.* at 76–78. After the age of fourteen years, children are presumed to have full capacity. *Id.* at 78; *see also State v. Berard,* 121 R.I. 551, 553–54, 401 A.2d 448, 450 (1979) (citing 4 Blackstone, *Commentaries on the Laws of England* 23–24 (1769); 3 Coke, *Institute of the Laws of England* 571 (Thomas ed. 1826); LaFave & Scott, *Criminal Law* § 46 at 351 (1972)).

It was possible, therefore, at common law for a child between the ages of seven and fourteen to be charged, tried, and convicted in a court of criminal law. Nevertheless, this issue is of no consequence in the present instance wherein this juvenile offender came under the jurisdiction of the Family Court and did not face conviction in a court of criminal law. *See In re Michael,* 423 A.2d 1180 (R.I. 1981).

of age or under." This court, in *In re Steven,* 510 A.2d 955, 957 (R.I.1986), observed that our criminal statutes do not distinguish between adults and juveniles. Juvenile offenders are placed under the jurisdiction of the Family Court by statute, G.L.1956 chapter 1 of title 14. The Family Court has jurisdiction to adjudge a juvenile delinquent for any offense which, if committed by an adult, would constitute a felony. Section 14–1–3(5); *see also In re Bernard H.,* 557 A.2d 864, 866 (R.I.1989). Nothing contained in § 11–37–8.1 prevents a finding of delinquency upon one under the age of fourteen.

■ The respondent also contends that he did not possess the requisite mens rea to commit the crime of first-degree child molestation. He cites *State v. Griffith,* 660 A.2d 704 (R.I.1995), in support of his argument. In *Griffith* this court held that a trial justice's failure to charge a jury in a prosecution for first-degree child molestation that the defendant's act of *digital* penetration was for the purpose of sexual arousal or gratification was error. *Id.* at 707. In the present case defendant was charged with penile penetration. We have held in *State v. Bryant,* 670 A.2d 776, 783-84 (R.I. 1996), that the *Griffith* doctrine is not applicable to purposeful penile penetration, which as a matter of law precludes innocent touching. Consequently respondent's argument is without merit.

Finally, the respondent argues that he was denied funds to hire a private detective to investigate his case. There is no indication in the record that a private investigator would have been necessary to the respondent's defense. Furthermore, the respondent has failed to elaborate on how this issue diluted the effectiveness of his representation.

For the reasons stated, the respondent's appeal is denied and dismissed. The judgment of the Family Court is affirmed, and the papers of the case are remanded to the Family Court.