STATE of Rhode Island

v.

Vincent P. MURRAY.

No. 97–313–C.A..

Supreme Court of Rhode Island.

Jan. 7, 1999.

Aaron L. Weisman, Providence.

Vincent Murray, pro se.

## ORDER

This case came before the Court for oral argument on December 15, 1998, pursuant to an order that directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily denied. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The defendant, Vincent P. Murray, is the uncle of the victim, Michelle.[1] At the time of trial, the defendant was seventy-four-years-old. Michelle testified that, at the age of nine, the defendant kissed her and touched her in inappropriate places while visiting at

1. The name of the victim has been changed in order to protect her identity.

the home of her aunt, the defendant's common law wife. Michelle stated that the defendant put his tongue in her mouth when he kissed her, rubbed her between the legs over her clothes and on her breasts, and said "woe" in a low voice.

Various other witnesses also testified at trial. Among these witnesses, Michelle's mother testified that when she confronted the defendant about this act, he defended himself by telling her, "[s]he wanted me to do that." Kelsey Marshall, a trooper with the Rhode Island State Police, testified that she interviewed Michelle regarding the defendant's acts after determining that she knew the difference between a good touch and a bad touch. Douglas Newberg, a detective with the Rhode Island State Police, testified that, although he did not specifically remember doing so, he probably offered defendant the opportunity to take a polygraph.

Defendant also took the stand and admitted to kissing Michelle on the cheek and mouth but adamantly denied using his tongue. Defendant further admitted to tickling Michelle and touching her leg, but denied telling Michelle's mother that the victim "wanted it." A jury convicted defendant on two counts of second degree child molestation for which he received a sentence of fifteen years, six years to serve, nine years suspended and nine years probation on each count. After a difficult relationship with multiple attorneys, defendant appeals pro se from his judgment of conviction.

Defendant raises numerous issues on appeal. Those issues which merit discussion and are decipherable shall be addressed. First, defendant challenges the jury's determination that he committed the crime by questioning the veracity of Michelle's statements. Defendant also argues that the statement attributed to him by Michelle—that he said "woe" in a low voice—is "an ambiguous utterance without definition." Defendant's argument, however, ignores the fact that the assessment of the credibility of a witness is an issue "to be resolved exclusively by the jury within the four walls of the jury room," *State v. Brash*, 512 A.2d 1375, 1381 (R.I.1986), and not by this Court on review.

Next, defendant raises the issue of "outrageous prosecutorial misconduct" by asserting that, in her opening and closing statements, the prosecutor should not have stated that defendant committed the acts against Michelle. However, the record indicates that defendant never objected to the statements. As such, the issue is considered waived and cannot be asserted for the first time on appeal. *State v. Pineda*, 712 A.2d 858, 861 (R.I.1998). Similarly, defendant also argues that Officer Kelsey Marshall should not have been allowed to testify regarding Michelle's ability to know the difference between the truth and a lie. Once again, defendant failed to object to this testimony, and therefore the issue is not preserved for appeal. *Id.*

Defendant further contends that since he "was never offered or participated in any plea bargaining procedure," the trial justice denied him "effective representation of counsel guaranteed by the [S]ixth and [F]ourteenth Amendments." This contention is utterly without merit. The record indicates that the trial justice specifically inquired whether defendant had an interest in a plea arrangement, to which defendant answered in the negative.

Defendant also alleges error in respect to the fact that the trial justice denied his right to corroborate his testimony "by being refused to be hooked up to a lie detector after stipulating to accept results." In this jurisdiction, however, defendants enjoy no such right. *In Re Odell*, 672 A.2d 457, 459 (R.I. 1996).

In a supplemental statement filed by defendant, he raises the issue of a coerced confession. Defendant suggests that the condition on which he made his "statement to the R.I. State Police on 7/11/95 was by being coerced with the threat of not being able to feed my dogs who were tied up in N.Y. They had not eaten in two days. They promised if I made the statement that I would be able to leave." We are unable to address this contention, however, since defendant did not raise it in the Superior Court. *Pineda*, 712 A.2d at 861.

For the reasons stated, the defendant's appeal is denied and dismissed and the judgment of conviction is affirmed.