STATE of Rhode Island

v.

Vincent P. MURRAY.

No. 2000–413–C.A.

Supreme Court of Rhode Island.

Dec. 20, 2001.

Vincent P. Murray, pro se; Edward M. Pepe, Portsmouth.

Annie Goldberg, Aaron L. Weisman, Providence.

ORDER

The defendant, Vincent P. Murray, appeals from the denial of his Rule 35 motion to correct an illegal sentence. Murray had been convicted on two counts of second-degree child molestation. He received concurrent sentences of fifteen years on each count, six of which were to be served with the remaining nine years being suspended, and with probation on each count. His convictions were affirmed by this Court in *State v. Murray*, 726 A.2d 467 (R.I.1999) (mem.).

This appeal came before a single justice of this Court, who ordered the parties to show cause why it should not be summarily decided. After hearing their arguments and considering their legal memoranda, we conclude that cause has not been shown, and we proceed to summarily decide the appeal.

The facts of this case have been adequately discussed in our order affirming Murray's convictions and need not be recounted in detail here. *See Murray*, 726 A.2d at 467–69. Suffice it for us to note that Murray's nine-year-old niece testified at his trial that Murray had kissed her and put his tongue in her mouth, and while

doing so, he had rubbed her between her legs and had also rubbed her breasts.

The narrow and singular issue before us in this appeal is whether the Superior Court hearing justice who denied Murray's Rule 35 motion to correct an illegal sentence erred in doing so.

We note at the outset that an illegal sentence may be corrected at any time. Super.R.Crim.P. 35. An illegal sentence is one that when imposed is at variance with the statute proscribing the punishment that may be imposed for the particular crime or crimes. *See, e.g., Frazier v. Langlois,* 103 R.I. 607, 240 A.2d 152 (1968); *see also* Reporter's Notes to Rule 35.

In this appeal, it was incumbent upon Murray to establish that his two sentences for second-degree child molestation sexual assault were not authorized by G.L.1956 §§ 11–37–8.3 and 11–37–8.4. The sentence permitted following conviction of second-degree child molestation sexual assault is "imprison[ment] for not less than six (6) years nor more than thirty (30) years." § 11–37–8.4.

Murray was convicted on each of the two counts contained in the criminal information filed against him that charged him with second-degree child molestation sexual assault. One count pertained to his actions in rubbing between his nine-year-old niece's upper legs, and the other with his rubbing of her breasts. On each count he was sentenced to concurrent terms of fifteen years, six of which were to be served with the remaining nine years being suspended. The sentences were clearly within the limits permitted and authorized by § 11–37–8.4. He raises now for the first time that the rubbing between the legs of his niece and the rubbing of her breasts actually constituted but a single act, and not separate offenses, an issue that was not raised in his earlier appeal in which this Court affirmed both convictions.[1] Our raise or waive rule now precludes our consideration of that contention. *State v. Oliveira,* 774 A.2d 893, 924 (R.I. 2001).

Murray's additional claim that the hearing justice failed to afford him a full and fair hearing on his motion to reduce what he termed to be an illegal sentence is preposterous. The record discloses that the hearing justice exercised the patience of Job in permitting Murray to read a substantial portion of his forty-six-page *pro se* memorandum wherein he attempted to relitigate all of the various issues that had been raised, or could have been raised, during his jury trial, before interrupting him and telling him that she had already read the memorandum and would enter it as part of the hearing record.

Murray, who appeared in this appeal *pro se* before us, has attempted in his voluminous and fatuitous case filings to raise numerous issues that were never raised below, and which were, or should have been raised in the initial appeal from his convictions, which we affirmed. This Court in that initial appeal noted Murray's contention that his confession was involuntary or coerced, and we refused to consider that issue because it had not been raised at trial. *Murray,* 726 A.2d at 468. It may not be raised here again. He baldly asserts also that he received ineffective assistance of counsel at his trial; that the trial justice erred in disqualifying an attorney from representing him; and that

---

1. At his jury trial, Murray denied rubbing his niece's legs and later her breasts and testified that he only tickled her. He also denied telling his niece's mother that her daughter "wanted it."

his sentence was manifestly excessive due to his advanced age.[2]

All of the issues he wants now to relitigate are simply not properly before us. We decline to join Murray as he wanders once again through the forest looking for the trees.[3]

The defendant's appeal is denied and dismissed. The papers of this case are to be remanded to the Superior Court.

---

**2.** Apparently the parole board succumbed to his "advanced age" plea and paroled him.

**3.** We note that Murray apparently could not agree with any of the numerous attorneys who have entered and exited the revolving door of his representation. In fact, on the morning of the hearing on the instant appeal, Murray's lawyer requested to withdraw from representing him. Murray had no objection, counsel's motion was granted, and Murray proceeded *pro se.*