STATE

v.

John TRACY.

No. 2001–243–C.A.

Supreme Court of Rhode Island.

Feb. 14, 2003.

Virginia M. McGinn, Providence.

Mark L. Smith, Providence.

**ORDER**

This case came before the Supreme Court on December 10, 2002, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and reviewing the memoranda of the parties, we are satisfied that cause has not been shown. Accordingly, we shall decide the appeal at this time.

In March 2000, defendant was found guilty of one count of second-degree child molestation in violation of G.L.1956 § 11–

37–8.3. The complainant, (Christina),[1] who was ten years old at the time of the incident, testified that in August 1996, she and defendant, who was her stepfather, spent the night in a tent in the backyard of her grandmother's home. In the morning, as complainant sat up to retrieve her eyeglasses, defendant reached underneath her pajamas and underpants and fondled her with his hand in a circular motion around her pubic region. The complainant pushed defendant's hand away and rolled over. However, his hand remained underneath her underwear and he began to squeeze Christina's buttocks. That night, Christina informed her grandmother about the alleged incident and told her aunt the next morning. When her grandmother and aunt confronted defendant and accused him of molesting Christina, defendant stated, "I don't remember that happening." Following an investigation, defendant was charged and ultimately convicted of one count of second-degree child molestation.

On appeal, defendant argues that the trial justice erred in denying his motion for a judgment of acquittal. The defendant asserts that the evidence presented was insufficient to give rise to an inference that the alleged touching was intended by him for "sexual arousal, gratification or assault." The defendant also claims that the prosecution failed to sustain its burden of proof regarding the crime charged, and thus, his motion for judgment of acquittal was wrongfully denied. *State v. Lisi,* 105 R.I. 516, 253 A.2d 239 (1969).

The state argues that the trial justice did not err in deciding that defendant's conduct was neither innocent nor accidental, and that the jury could reasonably infer from the evidence that the physical touching described by Christina was intended by defendant for sexual gratification or arousal. The state points to Christina's unimpeached testimony that while defendant's hands were underneath her clothing, he rubbed her pubic area in a circular motion and then squeezed her buttocks. Further, complainant testified that defendant's conduct was done "sexually" near her "private area." The state asserts that this evidence supports the decision of the trial justice to deny defendant's motions for acquittal and a new trial. We agree.

This Court reviews a decision by the trial justice denying a motion for a judgment of acquittal in the light most favorable to the state, drawing all reasonable inferences consistent with guilt without consideration of the weight of the evidence or the credibility of the witnesses. *State v. Henshaw,* 557 A.2d 1204, 1206 (R.I.1989). "Unless the evidence, when viewed in such a light, is insufficient to warrant a verdict of guilty beyond a reasonable doubt, the motion should be denied." *State v. Suero,* 721 A.2d 426, 428 (R.I.1998). General Laws 1956 § 11–37–8.3 provides that, "[a] person is guilty of a second degree child molestation sexual assault if he or she engages in sexual contact with another person fourteen (14) years of age or under." The term "sexual contact" is defined as "the intentional touching of the victim's or accused's intimate parts, clothed or unclothed, if that intentional touching can be reasonably construed as intended by the accused to be for the purpose of sexual arousal, gratification, or assault." G.L. 1956 § 11–37–1(7). Clearly, when considered in the light most favorable to the prosecution and drawing all reasonable in-

---

**1.** This name is a pseudonym.

ferences consistent with guilt, defendant's deliberate act of fondling this child cannot be characterized as accidental and can reasonably be construed as intended by defendant for the purposes of sexual arousal or gratification. Indeed, defendant was unable to suggest to the Court at oral argument, and we are hard pressed to discern any reason, other than sexual arousal or gratification, for an adult to place his hand on the bare skin around a child's pubic area, rub her in a circular motion and, after being rebuffed by the victim, to then squeeze her bare buttocks. *See State v. Aponte*, 800 A.2d 420, 429 (R.I.2002) (digital manipulation of child's vagina is a sexual act, not an accidental or innocent touching that could be confused with normal parenting or child care activities). The encounter as described by Christina in this case was a deliberate act that cannot be characterized as an ambiguous or accidental touching. *See State v. Griffith*, 660 A.2d 704 (R.I.1995); *State v. Brown*, 586 A.2d 1085 (R.I.1991). We are therefore satisfied that the denial of defendant's motion for judgment of acquittal was correct.

Having determined that there was sufficient evidence adduced at trial to support a verdict of guilty beyond a reasonable doubt, we also hold that the denial of defendant's motion for a new trial on the same grounds was appropriate. The trial justice, in denying the motion for a new trial, conducted a careful review of the evidence and found that he agreed with the verdict and that he was otherwise satisfied that sufficient evidence was produced for a reasonable jury to find defendant guilty. We discern no reason to disturb these findings; we are not persuaded that the trial justice overlooked or misconceived relevant or material evidence or was otherwise clearly wrong. *State v. Harnois*, 638 A.2d 532 (R.I.1994).

Accordingly, the defendant's appeal is denied and dismissed and the judgment appealed from is affirmed. The papers may be remanded to the Superior Court.