IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs December 3, 2002

## WILLIAM ANDREW DIXON v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Dickson County**
**No. 11930     Robert Burch, Judge**

-----

**No. M2002-01606-CCA-R3-CO - Filed May 30, 2003**

-----

The petitioner, William Andrew Dixon, was convicted in 1981 of kidnapping for ransom and sentenced by the jury to life imprisonment without the possibility of parole. Subsequently, he filed a petition for writ of habeas corpus, and our supreme court determined that his sentence was void, remanding for resentencing and concluding that he should have been sentenced to life with the possibility of parole. On remand, the trial court sentenced the petitioner to life with parole, and he appealed the resentencing, arguing that only a jury could impose the sentence. We conclude that the directive of our supreme court was that the punishment should be life with the possibility of parole and that the court could set this punishment. Accordingly, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOE G. RILEY and THOMAS T. WOODALL, JJ., joined.

Thomas F. Bloom, Nashville, Tennessee, for the appellant, William Andrew Dixon.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; Dan M. Alsobrooks, District Attorney General; and Carey Thompson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In the combined appeals of the petitioner's suit for declaratory judgment and petition for writ of habeas corpus, our supreme court explained why his sentence of life without parole was void:

> In 1981, Dixon was convicted of one count of kidnapping for ransom and one count of commission of a felony by use of a firearm. He was sentenced under Tenn. Code Ann. § 39-2603 (1975) to life without possibility of parole for kidnapping for ransom. Dixon

appealed the sentence, alleging that the jury had the discretion to determine whether the sentence for kidnapping for ransom was to be served without the possibility of parole. The Court of Criminal Appeals affirmed the conviction and sentence on direct appeal. State v. Dixon, No. 11930 (Tenn. Crim. App. at Nashville, filed April 18, 1982).

In September of 1988, Dixon was advised by his prison unit manager and counselor that he was eligible for parole and sentence reduction credits pursuant to Tenn. Code Ann. § 41-21-236. Dixon signed a waiver that allowed him to earn sentence reduction credits and other benefits retroactive to March 1, 1986. By 1998, Dixon had accumulated over 2,100 days of sentence reduction credits. Dixon was scheduled for his first parole board hearing on April 30, 1998. Pursuant to statute, the board of probation and parole contacted the sentencing trial judge regarding Dixon's upcoming parole hearing. The trial judge notified Warden Flora Holland that Dixon's sentence was life without possibility of parole. The TDOC cancelled the scheduled parole hearing, revoked his parole eligibility, and corrected the sentence.

In December of 1998, Dixon filed a petition in chancery court for declaratory judgment seeking restoration of his sentence reduction credits and his parole eligibility date. The petition alleged that (1) the amendment of Tenn. Code Ann. § 39-2603 by the Class X Felonies Act of 1979 entitles Dixon to the lesser punishment of a life sentence with possibility of parole, (2) the language of Tenn. Code Ann. § 41-21-236(c)(3) and the signing of the waiver entitle Dixon to sentence credit waiver, (3) the TDOC is estopped from denying the benefits Dixon earned after signing the waiver, and (4) the TDOC lacks the authority to alter Dixon's sentence after classifying it as life with possibility of parole. The trial court granted the State's motion to dismiss on all issues. The Court of Appeals affirmed. Dixon v. Campbell, No. M1999-02122-COA-R3-CV, 2000 WL 1121529, 2000 Tenn. App. LEXIS 521 (Tenn. Ct. App. Aug. 9, 2000).

In August of 1999, during the pendency of the chancery court proceedings, Dixon filed a petition for writ of habeas corpus in criminal court. The petition alleged that Dixon's sentence for kidnapping for ransom without possibility of parole under Tenn. Code Ann. § 39-2603 (1975) is void. The criminal court denied the petition for writ of habeas corpus, finding that the judgment was not void on its face. The Court of Criminal Appeals affirmed on different

grounds.  Dixon v. Holland, No. M1999-02494-CCA-R3-PC, 2000
WL 1717559, 2000 Tenn. Crim. App. LEXIS 901 (Tenn. Crim. App.
Nov. 17, 2000).

Dixon v. Holland, 70 S.W.3d 33, 35-36 (Tenn. 2002) (footnotes omitted).

Subsequently, the petitioner was resentenced by the post-conviction court to life with the possibility of parole and allowed sentence credits which he had accumulated.  He appealed the order, setting out as the issue "[w]hether the trial court has the authority to simply amend the judgment upon remand to provide for a sentence of life with the possibility of parole or whether a new sentencing hearing must be conducted."  Although the petitioner does not explain in his appellate brief why a life sentence imposed by a jury is preferable to one imposed by a judge, a bail motion, filed before the resentencing order was entered, asserted:

> In support of this motion, the Defendant would show the Court that
> he is charged with kidnaping for ransom and, if convicted, is facing
> a possible sentence of twenty years to life.  Because he has already
> served twenty-four (24) years on the possible sentence and
> accumulated over twelve (12) years of sentence reduction credits
> against this possible sentence, he will be entitled to immediate release
> if he is convicted and if the jury imposes a sentence of fifty years (50)
> or less.  If the Defendant is convicted and the jury imposes a sentence
> of fifty-one years or more, including a life sentence, the Defendant
> will be immediately entitled to a parole hearing and may be released.

Thus, it appears that the petitioner construes our supreme court's sentencing remand as entitling him to a reconsideration by a jury as to the appropriate punishment for his kidnapping for ransom conviction, if not a retrial as to guilt or innocence.

The State disputes the petitioner's claim that he is entitled to a resentencing hearing before a jury, arguing that "the only remedy [required] was entry of a corrected judgment reflecting that [the petitioner] was ordered to serve a life sentence with the possibility of parole."

In our review of these contending arguments, we first will determine the scope of the remand. In its opinion remanding the matter because the petitioner's sentence was void, our supreme court explained that "Dixon therefore should have been sentenced pursuant to the aggravated kidnapping statute to life with possibility of parole."  Dixon, 70 S.W.3d at 38.  We believe that this language establishes the "law of the case," as the doctrine is explained in State v. Jefferson, 31 S.W.3d 558 (Tenn. 2000):

> "The phrase 'law of the case' refers to a legal doctrine which
> generally prohibits reconsideration of issues that have already been
> decided in a prior appeal of the same case.  In other words, under the

law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal. The doctrine applies to issues that were actually before the appellate court in the first appeal and to issues that were necessarily decided by implication. The doctrine does not apply to dicta.

Id. at 560-61 (quoting Memphis Publ'g Co. v. Tennessee Petroleum Underground Storage Tank Bd., 975 S.W.2d 303, 306 (Tenn. 1998)).

Thus, applying the "law of the case" doctrine to the matter on appeal, we conclude that our supreme court instructed that the sentence to be imposed upon the petitioner was life with the possibility of parole. We next will determine whether this sentence could be imposed by the trial court, as the State contends, or only by a jury, which is the petitioner's contention.

In concluding that the ordered resentencing of the petitioner did not require that a jury be empaneled, the post-conviction court relied upon the holding of our supreme court in State v. Burkhart, 566 S.W.2d 871 (Tenn. 1978), reversing and remanding the judgments of the trial court which had imposed sentences for burglary and escape in such a way that the sentences were concurrent, although the applicable statute required that they be served consecutively. The court explained that the trial court could resentence the defendant to correct the illegal and concurrent sentences:

> As a general rule, a trial judge may correct an illegal, as opposed to a merely erroneous, sentence at any time, even if it has become final. See, e.g., In re Sandel, 64 Cal.2d 412, 50 Cal. Rptr. 462, 412 P.2d 806 (1966); State v. Shilinsky, 248 Iowa 596, 81 N.W.2d 444 (1957); State v. Fountaine, 199 Kan. 434, 430 P.2d 235 (1967); State v. Culver, 23 N.J. 495, 129 A.2d 715 (1957); State v. Leathers, 271 Or. 236, 531 P.2d 901 (1975); Frazier v. Langlois, 103 R.I. 607, 240 A.2d 152 (1968); 168 A.L.R. 706, 719. Thus, the trial judge in the instant case had both the power, and the duty, to correct the judgment of October 10, 1975, as soon as its illegality was brought to his attention.

Id. at 873.

The petitioner asserts that the post-conviction court erred in applying the holding in Burkhart, saying that the court was required to sentence him pursuant to the statutes requiring jury sentencing. This argument, however, overlooks what we believe to the narrow directive of our supreme court in remanding the matter to the post-conviction court for resentencing. Unlike in Burkhart, where an issue was the trial court's own authority to correct an illegal sentence, the present appeal resulted

from a remand by our supreme court for resentencing, the court having determined that the petitioner should have been sentenced to life with the possibility of parole. Thus, we conclude that the posture in the present appeal is like that presented in Miller v. State, 584 S.W.2d 758, 762 (Tenn. 1979), where our supreme court concluded that although the defendant had been sentenced to death, "there was no constitutional procedure for the infliction of the death penalty at the time of the crime," as a result of earlier decisions of the United States Supreme Court. Consequently, the court affirmed the finding of guilt but reduced the death sentence to life imprisonment. We believe that our supreme court intended for such a result in the present appeal, remanding the matter so that the post-conviction court could enter a judgment reflecting the supreme court's determination that the punishment for the petitioner should be life imprisonment. The post-conviction court did so and, accordingly, we affirm its judgment.

## **CONCLUSION**

Based upon the foregoing authorities and reasoning, we affirm the judgment of the post-conviction court.

_____
ALAN E. GLENN, JUDGE