## STATE

v.

## Vincent P. MURRAY.

### No. 2007–325–C.A.

Supreme Court of Rhode Island.

June 29, 2011.

Aaron L. Weisman.

Vincent P. Murray.

Susan B. Iannitelli.

## ORDER

The defendant, Vincent P. Murray, appeals *pro se* from a judgment entered after an adjudication of probation violation. On appeal, the defendant contends that the hearing justice erred in a number of respects; his arguments deal with both his adjudication as a probation violator and with what transpired at his original trial.[1]

1. In 1996, Mr. Murray was convicted of two counts of second degree child molestation. With respect to each count, he was sentenced to fifteen years—six to serve and nine suspended with probation. In 1999, this Court affirmed that judgment of conviction. *State v. Murray*, 726 A.2d 467 (R.I.1999) (mem.).

This case came before the Supreme Court for oral argument pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the record, the memoranda submitted by the parties, and the oral arguments, we are satisfied that this appeal may be decided without further briefing or argument. For the reasons set forth in this order, we affirm the judgment of the Superior Court.

On March 31, 2006, a violation report was filed against Mr. Murray, alleging that he had violated the terms of his probation by moving out of the state of Rhode Island without permission. Appended to the violation report was a copy of the "Conditions of *Supervised* Probation" (emphasis in original) pertaining to Mr. Murray. The latter document stated that Mr. Murray "must obey [certain enumerated] Conditions throughout the term of [his] probation." The third condition was the following: "Remain within the State of Rhode Island, except with the prior approval of the [c]ourt and/or Probation Counselor." On February 13, 2007, a brief hearing was held on Mr. Murray's attorney's motion to withdraw. In the course of that hearing, the hearing justice addressed Mr. Murray directly in the following words:

"Once again, Mr. Murray, so the record is clear, and I think I have advised you of this before, *if you establish a residence in Rhode Island* so that your probation can be supervised in Rhode Island because New York has refused to supervise your probation, *you will be released.*" (Emphasis added.)

On that same day, an order entered (1) granting defendant's attorney's motion to withdraw and (2) stating that Mr. Murray would represent himself *pro se.*

The defendant's violation hearing commenced in the Superior Court for Washington County on March 9, 2007. George Lang, defendant's parole supervisor, testified at the violation hearing that defendant had been "generally" compliant with the terms and conditions of his probation. Mr. Lang stated that it was not until late in 2005 that Mr. Murray was not in compliance. According to Mr. Lang, it was at that time that Mr. Murray submitted a request to have his supervision transferred to the state of New York, which request was denied by New York. Mr. Lang then testified that, in February of 2006 (*i.e.,* shortly after the just-referenced denial), he discovered that defendant was no longer residing at his Rhode Island residence. He added that he then filed a violation report. At the conclusion of the March 9, 2007 hearing, the hearing justice addressed defendant as follows:

"Mr. Murray, so we're clear, if you're willing to move back to the State of Rhode Island and establish residence here, you will be released. * * * So we're clear, I made that offer to you before; you've said no for whatever reasons. I'm sure they are good reasons for you; but I want to make that clear, okay."

The violation hearing continued on March 29, April 26, and May 15, 2007 with further testimony from additional witnesses. At the conclusion of the hearing on May 15, the hearing justice adjudged defendant to be a violator of the terms and conditions of his probation. He ruled in pertinent part as follows:

"So it's as obvious as the proverbial cigar butt in a glass of milk, beyond the level of being reasonably satisfied, but it's really beyond dispute that Mr. Murray moved to New York, that he was * * * denied the transfer by the State of New York. * * * [T]he [c]ourt finds Mr. Murray to be in violation of the terms of his probation which is not only

supervised but also requires sex offender counseling and registration. He cannot be unsupervised, which would be the result, seeing that New York has declined to supervise him."

The hearing justice proceeded to "vacate[ ] the suspended sentence" and ordered defendant "to serve the full nine years with credit for time served." On May 17, 2007, judgment entered. The defendant filed a timely notice of appeal.

On appeal, defendant offers a variety of contentions. Unfortunately, his appellate contentions are either impossible to decipher[2] or not properly before us because they pertain to his original trial and conviction in 1996, or are faulty on both grounds.[3] Accordingly, this Court is constrained to simply review the record before us to determine whether or not the hearing justice acted arbitrarily or capriciously in finding a violation. *See State v. Horton*, 971 A.2d 606, 610 (R.I.2009) ("When this Court reviews a finding of a probation violation, our focus is solely on whether the hearing justice acted arbitrarily or capriciously in assessing the credibility of the witnesses or in finding such a violation.") (internal quotation marks omitted); *see also State v. Maloney*,

956 A.2d 499, 505 (R.I.2008); *State v. McLaughlin*, 935 A.2d 938, 941 (R.I.2007).

Based upon our review of the record, we perceive nothing that suggests that the hearing justice acted arbitrarily or capriciously in conducting the violation hearing. It is undisputed that the defendant moved to the state of New York, and it is undisputed that he did so without permission and in contravention of one of the conditions of his probation. The hearing justice gave the defendant every opportunity to return to Rhode Island and reestablish his residence here. In the face of the defendant's persistent refusal to do so, it is our view that the hearing justice did not act arbitrarily or capriciously in adjudicating the defendant a probation violator.

For the reasons set forth in this order, we affirm the judgment of the Superior Court. The record in this case may be returned to that tribunal.

---

**2.** *See Manchester v. Pereira*, 926 A.2d 1005, 1015 n. 8 (R.I.2007) (declining to reach "vaguely alluded-to contentions"); *Kaveny v. Town of Cumberland Zoning Board of Review*, 875 A.2d 1, 10 (R.I.2005).

**3.** We pause to observe that, while we realize that Mr. Murray had a right to proceed *pro se*, the record suggests that he would have been far better served if he had been represented by a trained attorney during both the violation hearing and on his appeal to this Court.