# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Robert W. Johnson, Jr.,**
**Petitioner Below, Petitioner**

**FILED**

April 25, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 13-0894** (McDowell County 11-C-35)

**David Ballard, Warden, Mount Olive Correctional Complex,**
**Respondent Below, Respondent**


## MEMORANDUM DECISION

Petitioner Robert W. Johnson, Jr., by counsel Natalie N. Hager, appeals the Circuit Court of McDowell County's order, entered August 12, 2013, that denied his petition for post-conviction habeas relief. Respondent, Warden David Ballard, filed a response by counsel Christopher S. Dodrill.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, we find that a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 18, 2008, petitioner and his father argued with their neighbor, Joseph Edward Mallory, about a gun Mr. Mallory had sold to petitioner's father. Later that day, Mr. Mallory's brother-in-law, Bobby Parks, delivered $25 to petitioner and his father in an effort to quell the dispute. Early the next day, January 19, 2008, petitioner's step-mother called the police to report that petitioner told his ex-wife that he may have killed a man by cutting his throat and stabbing him in the head. Petitioner's stepmother also reported that petitioner had driven to North Carolina in his father's pick-up truck. The police investigated and discovered Mr. Mallory ("decedent") dead in his home; he had more than thirty stab wounds to his face, head, and body.

Soon thereafter, petitioner was found in North Carolina. He was taken into police custody and, thereafter, returned to West Virginia. Law enforcement officers also impounded the truck petitioner drove to North Carolina. In the truck, the officers found a blood smear on the seat and a bloody t-shirt. DNA testing revealed that the blood on the seat and the t-shirt belonged to decedent.

The circuit court appointed Floyd A. Anderson to serve as petitioner's trial counsel. On March 17, 2008, the circuit court granted Mr. Anderson's motion for an outpatient psychiatric examination of petitioner. However, when petitioner was taken to the examination, he refused to speak with the psychiatrist.

1

On June 24, 2008, petitioner was indicted on four counts: murder in the first degree; nighttime burglary by breaking and entering; nighttime burglary by entering without breaking; and petit larceny.

Following a three-day trial, the jury found petitioner guilty of first degree murder, but acquitted him of the other three counts. The jury recommended mercy on the murder count. Thereafter, petitioner's trial counsel filed a motion for a new trial and a motion for judgment of acquittal which the circuit court denied. On August 28, 2009, the circuit court sentenced petitioner to life in prison with the possibility of parole. That same day, petitioner's trial counsel told the circuit court that he intended to file petitioner's direct appeal of his conviction with this Court because he knew the case well and, therefore, could complete an appellate brief more expeditiously then could the public defender's office.

On September 18, 2009, petitioner's trial counsel filed a notice of intent to appeal on petitioner's behalf and requested trial transcripts.

Eight months later, petitioner's trial counsel still had not filed an appellate brief on petitioner's behalf. Therefore, on May 24, 2010, trial counsel asked the circuit court to resentence petitioner so counsel could once again file notice of petitioner's appeal to this Court. However, the circuit court did not resentence petitioner and petitioner's trial counsel did not file a new notice of appeal or an appellate brief.

On February 12, 2011, petitioner filed a pro se petition for post-conviction habeas corpus relief. In response, the circuit court appointed Natalie Hager as petitioner's habeas counsel. Thereafter, Ms. Hager filed an amended habeas petition on petitioner's behalf which listed fifteen grounds for relief. However, on October 19, 2011, the circuit court stayed petitioner's habeas petition pending the filing of a direct appeal to this Court. The trial court then resentenced petitioner so Ms. Hager could file petitioner's direct appeal. Two weeks later, Ms. Hager filed notice of petitioner's direct appeal and thereafter, timely filed an appellate brief. Thereafter, this Court affirmed petitioner's conviction in *State v. Robert Johnson*, No. 11-1765 (W.Va. Supreme Court, April 12, 2013) (memorandum decision).

With petitioner's direct appeal resolved, the circuit court, on August 12, 2013, denied petitioner's amended habeas petition. In its order, the circuit court specifically found that petitioner's trial counsel rendered effective assistance at trial. Petitioner now appeals the circuit court's order, but contests only that portion of the order that denied petitioner's claims of ineffective assistance of trial counsel.

The Court has previously stated that "[i]n reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). Further,

2

> [i]n the West Virginia courts, claims of ineffective assistance of counsel
> are to be governed by the two-pronged test established in *Strickland v.
> Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's
> performance was deficient under an objective standard of reasonableness; and (2)
> there is a reasonable probability that, but for counsel's unprofessional errors, the
> result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

Petitioner raises five assignments of error in his petition for appeal. Petitioner first argues that his trial counsel was ineffective because he failed to file a pretrial motion for a fifteen-day, inpatient, psychological evaluation pursuant to West Virginia Code §27-6A-2(d), which provides as follows:

> If the court determines that the defendant has been uncooperative during the
> forensic evaluation ordered pursuant to subsection (a) . . . and the court has reason
> to believe that an observation period is necessary in order to determine if a person
> is competent to stand trial, the court may order the defendant be committed to a
> mental health facility designated by the department for a period not to exceed
> fifteen days and an additional evaluation be conducted in accordance with
> subsection (a) of this section by one or more qualified forensic psychiatrists, or a
> qualified forensic psychiatrist and a qualified forensic psychologist . . . .

Petitioner claims that he needed such an evaluation because (1) he refused to participate in the court-ordered, outpatient, psychiatric examination; (2) he had recently attempted suicide; and (3) his ex-wife claimed that he had been irrational around the time of the crime. Petitioner argues that if his counsel had sought a fifteen-day evaluation, his trial counsel would have been able to show that petitioner was not competent to stand trial. Petitioner concludes that his trial counsel's failure to pursue a psychiatric evaluation or to request a hearing on the matter exhibited a deficient performance under an objective standard of reasonableness.

The underlying facts in this case contradict petitioner's argument. First, prior to petitioner's trial, his trial counsel sought, and the circuit court granted, a motion for an out-patient psychiatric examination of petitioner. Thereafter, petitioner was transported to the evaluation, but he refused to participate in the evaluation or answer the psychiatrist's questions. Further, at the omnibus hearing on petitioner's amended petition for habeas relief, petitioner's trial counsel testified that, prior to and during trial, petitioner was oriented to person, place, and time; appeared to be competent; and did not act as though his brain was functioning abnormally. Trial counsel also testified that he did not move for a fifteen-day, inpatient evaluation because petitioner refused to participate in the outpatient psychiatric evaluation and said he would not cooperate with any mental health facility. Based on these facts, we find that the circuit court did not err in concluding that trial counsel's performance in regard to this assignment of error was deficient under an objective standard of reasonableness. Nor did the circuit court err in finding that there was no reasonable probability that a request for a fifteen-day psychiatric evaluation would have resulted in a different outcome at trial or in a finding that petitioner was mentally ill where petitioner himself refused to cooperate with any mental health evaluator or facility.

3

Petitioner next argues that his trial counsel was ineffective because he advised petitioner to waive a preliminary hearing without first educating petitioner about the nature and purpose of such hearings. Petitioner contends that, as a result, his waiver was not voluntary and intelligent, he was denied the discovery benefits of a preliminary hearing, and he was denied the opportunity to seek consideration from the State for waiving the hearing. Petitioner also claims that his trial counsel was less prepared to mount a defense at trial due to the waiver of a preliminary hearing.

At the omnibus hearing on petitioner's amended habeas petition, petitioner's trial counsel testified that, based on his experience, he strategically waived petitioner's pretrial hearing because the defense had sufficient information and the State could easily establish probable cause. Petitioner's trial counsel also testified that the State adduced no evidence at trial that he was not aware of prior to a preliminary hearing. Petitioner failed to counter this testimony with any evidence that a pretrial hearing would have yielded additional information or would have changed the outcome of his trial. Further, petitioner cites to no case law in support of his contention that the waiver of a preliminary hearing constitutes ineffective assistance of counsel. "Where a counsel's performance, attacked as ineffective, arises from occurrences involving strategy, tactics and arguable courses of action, his conduct will be deemed effectively assistive of his client's interests, unless no reasonably qualified defense attorney would have so acted in the defense of an accused." Syl. Pt. 21, *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974). Therefore, we find that the circuit court did not err in finding that trial counsel's strategic waiver of a pretrial hearing did not constitute ineffective assistance of counsel.

Petitioner's third assignment of error is that his trial counsel was ineffective in failing to timely file a direct appeal of petitioner's conviction.

The circuit court found that the delay in the filing of petitioner's direct appeal was not deficient under an objective standard of reasonableness because the problem was rectified when petitioner was resentenced and his appointed appellate counsel filed a direct appeal.

> Under the law of this State, resentencing has been the traditional remedy in *habeas corpus* for that ineffective assistance of counsel which deprives a convicted defendant of his opportunity to prosecute a timely appeal. *State ex rel. Bradley v. Johnson*, 152 W.Va. 655, 166 S.E.2d 137 (1969); *State ex rel. Bratcher v. Cooke*, 155 W.Va. 850, 188 S.E.2d 769 (1972). Resentencing gives the convicted defendant a new opportunity to appeal and, in most cases, restores to him all that he has lost.

*Carter v. Bordenkircher*, 159 W.Va. 717, 724, 226 S.E.2d 711, 716 (1976). That said, even if trial counsel's failure to file a direct appeal or to pursue resentencing was objectively deficient, petitioner suffered no prejudice from such a deficiency because, on appeal, this Court affirmed petitioner's conviction.

Petitioner's fourth assignment of error is that his trial counsel was ineffective because he failed to subpoena two exculpatory witnesses at trial, Bobby Shadowing and Rick Johnson. Petitioner contends that Mr. Shadowing might have been able to provide an alibi for petitioner because petitioner had been in Mr. Shadowing's home on the night of the crime. Further,

4

petitioner claims that Rick Johnson—who lived two doors down from decedent and had a surveillance camera—might have recorded the true assailant entering decedent's residence.

First, at the omnibus hearing, petitioner's trial counsel testified that, "My recollection is that I subpoenaed everyone that [petitioner] asked me to subpoena." Second, trial counsel's decision regarding whom to call to testify at trial falls under the category of strategy and tactics, therefore, a decision not to call these witnesses would not fall below an objective standard of reasonableness. *See* Syl. Pt. 21, *Thomas*. Third, because petitioner called neither man to testify at his omnibus hearing, there is nothing in the record showing that Bobby Shadowing would have provided petitioner with an alibi, or that Rick Johnson's camera created any such video recordings. Consequently, there is no reason to believe that trial counsel's decision not to call these witnesses affected the outcome of petitioner's trial. Therefore, we find that the circuit court did not err in finding that trial counsel was not ineffective in this instance.

Petitioner's fifth and final assignment of error is that trial counsel was ineffective because he failed to request additional DNA testing of the scrapings from decedent's fingernails and the blood smear and t-shirt found in the truck. Petitioner posits that such testing might have revealed the DNA of someone other than petitioner or decedent. Petitioner contends that if a third-party's DNA had been found, it would have raised reasonable doubt in the minds of the jurors and changed the outcome of his trial.

Petitioner's contention that further DNA testing of decedent's fingernail scrapings, the blood smear, or the t-shirt would have yielded exculpatory evidence is mere speculation. Further, such testing could have yielded further inculpatory evidence against petitioner. Therefore, trial counsel's decision not to request additional DNA of these items was yet another tactical decision that did not fall below the objective standard of reasonableness. Further, because petitioner's claims of possible exculpatory evidence are purely speculative, there is no reasonable probability that counsel's decision not to request such DNA testing changed the outcome of petitioner's trial.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 25, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

5